304 So.2d 394 (1974)
PESTCO EXTERMINATORS, INC.
v.
WILLIAM T. BURTON INDUSTRIES, INC.
No. 9844.
Court of Appeal of Louisiana, First Circuit.
May 28, 1974.
*395 A. J. Gray, III and Harry E. Barsh, Lake Charles, for Raffery and Burton Industries.
Allen M. Edwards, Plaquemine, for Collins.
Frederick Tulley, Baton Rouge, for intervenor-appellee.
Neal N. Bagwell, White Castle, for Pestco.
Before LANDRY, ELLIS and PICKETT, JJ.
ELLIS, Judge.
This suit, which was consolidated with Collins v. Raffery, La.App., 304 So.2d 392, for trial, arises out of the same automobile accident therein described. Plaintiff herein is Pestco Exterminators, Inc., owner of one of the vehicles involved, and defendant is William T. Burton Industries, Inc., owner of the other vehicle. After trial on the merits, judgment was rendered in favor of plaintiff for $1,022.70, and defendant has appealed. Plaintiff has answered the appeal, asking for an increase in the award.
For reasons assigned in Collins v. Raffery, supra, we find the trial court properly found defendant to be liable. The only other issues presented are those raised in plaintiff's answer to the appeal.
Plaintiff claims that it should have been awarded $1,000.00 rather than $900.00 for the value of its automobile; $199.50 for wrecker service and storage fees, rather than $50.00; and $850.00 for wages paid to its injured employee, James D. Collins, while he was unable to work.
Evidence in the record shows that the automobile had a NADA Blue Book value of $800.00. Plaintiff's witness testified that the car was well maintained and therefore had a value of $1,000.00. The trial judge awarded $900.00, and we find no error in his conclusion, particularly in view of the fact that no allowance for salvage value was made in favor of defendant.
Plaintiff claims $199.50, $25.00 wrecker charges, $165.00 for 11 months storage, and $9.50 tax. The trial court awarded $50.00. Since plaintiff found out that the automobile was a total loss shortly after the accident, it is not entitled to storage charges after that time. The measure of its damages is the value of the vehicle. We think the $25.00 allowance for storage by the trial judge is more than generous.
Finally, plaintiff is seeking to recover $850.00 which it paid to Mr. Collins while he was unable to work. This claim was properly denied by the trial judge.
*396 An employer is entitled to recover only such amounts as he is legally obligated to pay the injured employee under the workmen's compensation law. The $850.00 sought herein was voluntarily paid in addition to the compensation payments made by the insurer, and cannot be recovered. Chase v. Dunbar, 185 So.2d 563 (La.App. 1 Cir. 1966).
The judgment appealed from is therefore affirmed, at defendant's cost.
Affirmed.