ELLIS, Judge:
This case, which was consolidated for trial with the case of Pestco Exterminators, Inc. v. William T. Burton Industries, Inc., La.App., 304 So.2d 394, arises out of an automobile accident. The vehicles in *393 volved were an automobile owned by Pest-co Exterminators, Inc. and operated by James D. Collins, and a pick-up truck owned by William T. Burton Industries, Inc. and operated by Newton J. Raffery, Sr. This suit was filed by Collins against Burton and Raffery for damages for personal injuries suffered in the collision. The Travelers Insurance Company, workmen’s compensation insurer of Pestco, Collins’ employer, intervened to recover compensation paid to Collins as a result of his injuries. After trial on the merits, judgment was rendered in favor of plaintiff for $8,397.68, and in favor of Travelers for $2,677.86, from which judgment defendants have appealed. Plaintiff has answered the appeal asking for an increase in the award.
This accident happened on December 2, 1970, at about 8:15 a. m. Plaintiff testified that he was driving on La. Highway No. 1 at 40 to 50 miles per hour. He stated that it was foggy, but that he could see 600 to 700 feet. He testified that as he approached the intersection of Cedar Grove Road, he saw the Burton truck stopped on Cedar Grove at the stop sign. When he was nearing the intersection, he said that the truck drove out in front of him and he was unable to stop his car in time to avoid the accident.
Mr. Raffery testified that the fog was quite dense, and visibility was about 100 feet. He stated that when he stopped at the stop sign, he rolled down his window to improve the visibility and shut off the engine so that he might hear approaching traffic. Seeing and hearing nothing, he started his engine and drove out into the highway. He testified that the Collins vehicle suddenly loomed up out of the fog and ran into him.
A witness, Raymond Blank, who was driving in the opposite direction from Collins on Highway 1, passed him about 400 feet from the intersection, just before the accident. He was driving 40 to 45 miles per hour and stated that the visibility was 400 to 500 feet. Other witnesses who arrived at the scene later testified to lesser visibility.
 Defendants claim that the court should have found Collins contributorily negligent for driving too fast for existing conditions. This contention is based on an assumption that Mr. Raffery’s testimony as to visibility is correct. Obviously, however, the trial judge must have resolved this factual contention adversely to defendants’ position. We think the record supports this conclusion, and therefore find that the accident happened because of Mr. Raffery’s negligence in failing to see what he should have seen, and driving his vehicle onto Highway 1 when it was not safe to do so. We find no negligence on Mr. Collins’ part.
The other major issue presented is that of quantum. Mr. Collins suffered scalp lacerations, a bruised chest with a broken rib on the right side, and lacerations of the right knee. According to his testimony, he began to have difficulty with his left knee shortly after the accident, and saw his physician, Dr. Constance C. Major, on December 9, 1970, with this complaint. At that time, he says, it was x-rayed and an elastic bandage was applied. He continued to have trouble, and on January 4, 1971, a fracture of the patella of the left leg was found, and a full leg cast applied. He was unable to return to work until April 17, 1971, and complained of pain in the knee when kneeling or crawling thereafter.
Dr. Major’s records show no complaints referable to the left knee until January 4, 1971. Her records indicate that the x-ray on December 9 was of the right knee, and that the elastic bandage was applied to that knee. She testified that it was very likely that a fractured patella would manifest itself symptomatically almost immediately after the accident, and was doubtful about whether the injury was suffered in the accident. On the other hand, in a letter of February 20, 1971, and a physician’s report of the same date both addressed to Travel *394 ers, she attributed the fractured patella to the accident.
Dr. Allen Jackson, an orthopedist who examined plaintiff, stated that plaintiff gave a history of being able to get around fairly well for several weeks after the accident, but that his knee then began to give way. He examined plaintiff on March 3, 1971, and expressed no misgivings relative to the history.
Since plaintiff’s other complaints cleared up in short order, it appears that the trial judge must have concluded from the foregoing that the fractured left patella was a result of the accident. Once again, this is a conclusion of fact, and we find no manifest error therein.
Plaintiff testified that he worked for two weeks after the accident, but was unable to continue. From that time until April 17, when he resumed his employment, he received $588.00 in compensation payments and $850.52, which was voluntarily paid him by his employer, Pestco. He testified that he was employed for $400.00 per month, and averaged about $40.00 per month in commissions.
Apparently the trial judge awarded $397.68 as lost wages, and we find no manifest error in this conclusion. The trial judge awarded $8,000.00 to Mr. Collins for his personal injuries, which are detailed above. We find the award for the injuries and residual disability, although high, not to be so high as to constitute an abuse of the discretion of the trial court. However, the award to Travelers should be deducted from that amount, rather than added thereto in arriving at the final judgment. R.S. 23:1103; Todd-Johnson Dry Docks v. City of New Orleans, 55 So.2d 650 (La.App.Orl.1951).
The judgment appealed from is therefore recast so as to award plaintiff the sum of $8,397.68 plus legal interest from date of judicial demand, for his injuries and loss of wages, subject to payment by precedence therefrom to The Travelers Insurance Company the sum of $2,677.86, being the total of workmen’s compensation benefits paid to plaintiff. Costs of this appeal are to be shared equally by plaintiff and defendants, and all costs below are to be borne by defendants.
Amended and affirmed.