283 So.2d 753 (1973)
STATE of Louisiana
v.
Lonnie R. WOODS.
No. 53487.
Supreme Court of Louisiana.
September 24, 1973.
Rehearing Denied October 26, 1973.
John E. Miller, Murphy W. Bell, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., Ossie Brown, Dist. Atty., Nathan E. Wilson, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Appellant Lonnie R. Woods was tried and convicted of armed robbery; he was sentenced to serve fifteen years at hard labor. From his conviction and sentence defendant has appealed, relying upon one bill of exceptions to obtain a reversal.
Defendant reserved his bill of exceptions to the ruling of the trial judge denying defendant's motion for a new trial. The motion was based on the failure of the assistant district attorney who prosecuted Woods to recuse himself.
There is no factual dispute in the case. Defendant, following his arrest, was represented by the office of the public defender of East Baton Rouge Parish. His case was allotted to Nathan E. Wilson, Assistant Public Defender. Mr. Wilson represented the accused at his arraignment at which time the accused entered a plea of not guilty.
Subsequently, Mr. Wilson was appointed as an assistant district attorney for the Parish of East Baton Rouge. As such, Mr. Wilson conducted the prosecution of Mr. Woods on behalf of the State of Louisiana.
Following his conviction and before sentencing, the accused filed in the trial court a motion for a new trial. The motion was made in proper person, although the defendant had retained counsel. Defense counsel alleges and it is uncontroverted by the State that the first time he knew of the dual capacity in which Mr. Wilson participated in the case was when he received a copy of the defendant's motion for a new trial.
A hearing was held by the trial judge on the defendant's motion. Mr. Wilson testified that he had no recollection of having *754 represented Mr. Woods and that he had no independent recollection of the case from his discussion with Mr. Woods. He stated that the first time that he knew of the conflict was at the opening of the defendant's trial on the merits, when the clerk read the court's minutes which indicated that Mr. Wilson had been present and representing the defendant at the arraignment.
The trial court at the conclusion of the hearing denied the motion for a new trial stating that the defendant had made no showing of prejudice which would require setting aside the conviction. To this ruling of the trial court the defendant reserved his one bill of exceptions.
Article 680 of the Code of Criminal Procedure provides:
"A district attorney shall be recused when he:
"(1) Has a personal interest in the cause which is in conflict with fair and impartial administration of justice;
"(2) Is related to the party accused or to the party injured, or to the spouse of the accused or party injured, to such an extent that it may appreciably influence him in the performance of the duties of his office; or
"(3) Has been employed or consulted in the case as attorney for the defendant before his election or appointment as district attorney."
Article 680 is couched in mandatory language. There is no doubt that Mr. Wilson should have been recused in this case. This is readily conceded by the State in its brief before this court. The State, however, urges that the defendant did not file a timely motion for recusation, and, in the alternative that no prejudice has been shown and any violation is therefore harmless error.
Article 681 of the Code of Criminal Procedure provides the procedure for the recusation of a district attorney:
"A district attorney may recuse himself, whether a motion for his recusation has been filed or not, in any case in which a ground for recusation exists. A motion to recuse the district attorney shall be in writing and shall set forth the grounds therefor. The motion shall be filed, and shall be tried in a contradictory hearing, prior to commencement of the trial. If a ground for recusation is established the judge shall recuse the district attorney."
Neither the State's attorney nor the defense counsel realized prior to the trial that the assistant district attorney had previously represented the defendant. The defendant's testimony at the hearing on the motion for a new trial indicates that he was not aware that the procedure was irregular until such time as he was remanded to jail and spoke with other prisoners. Thus, while there was actually no timely motion for recusation under article 681, the record does reveal that this was not due to any fault of defense counsel or the assistant district attorney.
Under article 681 a motion to recuse must be filed prior to the commencement of the trial. A strict construction of the statutory language would allow a district attorney to prosecute a case when he should have recused himself, if the defense fails to file timely the motion to recuse. Defense counsel here testified that the first time he learned of Mr. Wilson's dual capacity was when he was given a copy of the motion for a new trial filed by the defendant in proper person while awaiting sentencing. A motion to recuse may be regarded as timely filed if the procedure is instituted within a reasonable period after the defense counsel learns of the impropriety.
Article 921 of the Code of Criminal Procedure provides:
"A judgment or ruling shall not be reversed by an appellate court on any ground unless in the opinion of the court *755 after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right."
Although the motion to recuse was properly filed, there has been no violation of defendant's rights which warrant remedial action. The defendant readily admits the prosecutor did not secure any advantage. It is contended, however, that the mere fact that the assistant district attorney had represented the accused (by entering a plea of not guilty at arraignment) tainted the entire proceeding. The defendant has a right to a fair trial; if we believed that the failure of the assistant district attorney to recuse himself constituted a substantial denial of that right, we would reverse.
The defendant has failed, however, to show how he was prejudiced by Mr. Wilson's prosecution of the case. On the contrary, it appears clear from the trial transcript the defendant confessed his complicity in this crime to the police on the day of his arrest long before Mr. Wilson entered the case. Additionally, the victim of the crime positively identified this defendant as the perpetrator. The defendant's fingerprints were found at the scene of the crime. Further, the defendant offered no witnesses on his behalf. These facts are not set forth in an attempt to show with 20-20 hindsight that the defendant was guilty of the crime and therefore could have suffered no prejudice by Mr. Wilson's action as prosecutor. Rather, they are discussed to show that the State's case was complete prior to the time that the defendant was arraigned, and that no evidence that could have been obtained through the defendant's communication with Mr. Wilson was introduced at the trial of the case. We therefore feel that under the facts of this case no injustice has been done to the defendant by the failure of Mr. Wilson to recuse himself. The trial judge was therefore correct in denying the motion for a new trial under the specific mandate contained in the first paragraph of article 851 of the Code of Criminal Procedure which states:
"The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded."
For the reasons assigned, the defendant's conviction and sentence are affirmed.
CALOGERO, J., concurs.
BARHAM, J., dissents with reasons.
BARHAM, Justice (dissenting).
The majority has held that the defendant's motion for recusal was timely and the majority concedes that if the motion had been filed prior to trial, the granting of that motion was mandatory under our Code of Criminal Procedure.
The majority excused the State's prosecution by an assistant district attorney who was disqualified under law by reading the complete transcript of the testimony of the trial. From that transcript of testimony they determine that defendant was not prejudiced. The transcript of the trial testimony was not made a part of this, the only bill of exceptions, nor is it made a part of the record in any other manner. It appears to be merely incorporated in the appellate proceedings by insertion without order when the appellate record was prepared in the clerk's office below.
The request for the bill we consider makes only the following part of that bill: (1) the indictment; (2) the motion for new trial; (3) the entire record including *756 the minutes of the court; and (4) "A Note of Evidence, being a transcript of the testimony adduced at the trial of said motion, the arguments of counsel and the ruling of the judge thereon." The "record" referred to in the preserved bill is the "record" as we define it when we look for errors other than those assigned through bills of exceptions. The only transcript made a part of this record is that of the hearing on the motion to recuse. The information used by the majority to find "harmless error" is not properly before the court. I have long advocated that we could not apply the federal harmless error doctrine to Louisiana cases because of our use of the bills of exceptions and our restrictive view of the "record" on appeal.
An unequality exists which is totally unacceptable to me as long as this court restricts review by refusing to look at a transcript for error which is incorporated in our appellate proceedings when that transcript is not made a part of a bill, and on the other hand disregards a need for the attachment of the transcript to a particular bill when it wishes to find harmless error in order not to reverse.
As long as we restrict review of criminal appeals to the stilted and antiquated bills of exceptions procedure and as long as some records routinely contain a complete transcript, even in an absence of attachment of bills of exceptions while others never contain the transcript in absence of attachment of perfected bills, I must object to our court determining non-reversible grounds in the material in our proceedings which are not properly before us for review. Here, the defendant is penalized because material not made a part of his bill, totally foreign to the error of which he complains, and not legally before this court is resorted to by the majority to discover non-prejudicial error. Unfortunately, the prejudicial error in cases of this type occur in this, the court of last resort in our state.
I respectfully dissent.