310 So.2d 600 (1975)
STATE of Louisiana
v.
Lloyd JOHNSON.
No. 55573.
Supreme Court of Louisiana.
March 31, 1975.
*601 Murphy W. Bell, Director, Vincent Wilkins, Jr., Trial Atty., Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Lennie F. Perez, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Defendant Lloyd Johnson, Jr., was charged by bill of information with simple burglary of the structure located at 410 North Acadian Thruway, belonging to Dr. C. M. Heflin. La.R.S. 14:62. He was tried, found guilty and sentenced to imprisonment at hard labor for three years. On this appeal, four bills of exception are relied upon for reversal of the conviction and sentence.

*602 Bill 1

Through his counsel, the defendant reserved this bill to the court's denial of his motion to quash the jury venire on the ground that it systematically excluded women and discriminated against blacks.

Women on the Jury
This trial and conviction occurred during the month of January 1974. At that time, relying upon Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961), this Court had consistently held that exclusion of women from jury duty, unless they manifested their willingness to serve as required by Article VII, Section 41, of the Constitution and Article 402 of the Code of Criminal Procedure, violates no federal constitutional guarantee. State v. Jack, 285 So.2d 204 (La.1973). This was the law of this State at the time of the instant trial. The later decision of the United States Supreme Court in Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690, holding Louisiana's jury selection system for women unconstitutional, was decided on January 21, 1975 and was held not to be retroactive in Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed. 2d 790 decided January 27, 1975.
It was not error, as defense counsel contends, to exclude women from the jury in this trial as a result of their failure to comply with Louisiana's Constitution requiring that they manifest their willingness to serve. La.Const. art. VII, ¶ 41; La. Code Crim.Proc. art. 402.

Exclusion of Blacks from the Jury
Although a State may not deliberately and systematically deny to members of the black race the right to participate as jurors at the trial of a black defendant, this principle has no application to the facts of this case. There has been no showing of intentional or systematic discrimination of any kind. To the contrary, the facts repudiate any inference to that effect. The jury venire sought to be quashed was composed of twenty whites (59%) and fourteen blacks (41%). The census discloses that the parish had a population which was 72% white and 28% black. Defendant was tried by at least the proportionate number of blacks which the population of the parish contained. He was tried by a fair cross-section of the population.
This bill has no merit.

Bill 2
Defense counsel filed a motion to recuse the assistant district attorney assigned to the trial of this case on the ground that he was employed by the defendant as defense attorney prior to his appointment as assistant district attorney.
At the hearing held on the motion to recuse, the assistant district attorney testified that he represented the accused during the first six months of 1972 on a charge of attempted murder, which was subsequently reduced to simple battery. This representation was concluded more than a year before the commission of the crime with which the defendant is charged in this case. This assistant district attorney was never "employed or consulted in the case as attorney for the defendant." (emphasis added).
Moreover the trial judge examined the assistant district attorney under oath and decided that he had no personal interest in the outcome of the case. He was also of the opinion that the former employment afforded no advantage to the prosecutor in the instant prosecution.
There is no merit in this bill. See State v. Fallon, 290 So.2d 273 (La.1974); State v. Woods, 283 So.2d 753 (La.1973).

Bill 3
Defense counsel moved for a directed verdict of acquittal on the ground that the *603 State had failed to establish the essential elements of the crime charged. Specifically, the motion asserts that there was no evidence "to show or prove that Johnson entered the structure at 410 North Acadian Thruway or that he intended or had the intent to commit a felony or theft therein."
Article 62 of the Criminal Code (La.R.S. 14:62) defines the crime charged:
"Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Article 60...."
On a motion for a directed verdict, if there is any evidence at all of entry into the structure, no matter how little, the motion cannot be granted. In such a case it is not the province of the Court to determine the sufficiency of the evidence, only that there is evidence upon which a jury may arrive at a verdict. The sufficiency of the evidence is a matter which addresses itself to the jury's judgment.
In such a case the evidence need not be direct. It suffices to satisfy the requirement that there be "some" evidence, that the circumstances lead logically to the conclusion that the accused entered the structure. Such is the case here.
At one o'clock on the morning of May 25, 1973 police officers in Baton Rouge observed what they believed to be a burglary in progress. A pickup truck was parked beside the veterinary clinic at 410 North Acadian Thruway. Two colored males were in front of the truck and another let the tailgate down. The latter's dress and size, and the truck's description, were observed and broadcast on the police frequency as the truck departed. Later the defendant was arrested near the truck about eight blocks away and recognized to be the person who lowered the tailgate of the pickup truck. The safe from the veterinary clinic was found nearby. These circumstances supplied some evidence upon which the jury could conclude that the defendant entered the structure.
This bill has no merit.

Bill 4
The trial judge overruled defense counsel's objection to statements made by the assistant district attorney during his closing argument, and this bill was reserved. The objection was that the statements in the closing argument, which were objected to, were not confined to the evidence admitted at the trial as required by Article 774 of the Code of Criminal Procedure.
The prosecutor said:
"Mr. Johnson knew when he went there that he was going secretively to a place to break in the back door where it would be hardthere wouldn't be anyone there. He wouldn't have gone into that building if there had been someone there that could have witnessed it firsthand."
Although there were no eyewitnesses to prove that the defendant entered the structure, the State presented evidence to show that defendant was seen standing next to a pickup truck parked outside the burglarized building at one o'clock in the morning. When the police arrived at the scene, he fled in the truck but was apprehended eight blocks away. Subsequent investigation revealed that the door to the office had been jimmied open, the office ransacked, and a five hundred pound floor safe moved to very near where the truck had been parked. When Johnson was apprehended, pipe rollers were found in the back of his truck.
These are facts from which the assistant district attorney could properly infer, and argue, that defendant entered the structure. The requirement of Article 774 that the argument *604 be confined to the evidence admitted at the trial has not been violated. This bill has no merit.
For the reasons assigned, the conviction and sentence are affirmed.