430 So.2d 1269 (1983)
STATE of Louisiana
v.
Donald R. ODDS. (Two cases)
Nos. 82 KA 0834, 82 KA 0835.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
*1270 Ossie Brown, Dist. Atty. by Joe Lotwick, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Michele Fournet, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before LOTTINGER, COLE and CARTER, JJ.
COLE, Judge.
This is an appeal from a criminal conviction. The first issue concerns the admissability of defendant's confession which was allegedly obtained as a result of an implied promise of leniency. The second issue deals with whether or not a mistrial should have been granted due to testimony by a police officer in reference to another crime by the defendant. Since we find no merit to the defendant's assignments of error, we affirm the conviction.
The defendant, Donald Ray Odds, was charged by bill of information with armed robbery in violation of La.R.S. 14:64. He was tried by jury, found guilty as charged, and was sentenced to fifty years imprisonment at hard labor. Defendant has appealed his conviction, assigning as error the denial by the trial judge of his motion to suppress his confession and of his motion for a mistrial.
*1271 Defendant's first assignment of error concerns the trial court's denial of defendant's motion to suppress his confession. Defendant contends the confession was inadmissible because it resulted from coercion and promises made by the prosecution as an inducement for an inculpatory statement. Further, defendant contends the state has failed to meet its burden of proving beyond a reasonable doubt that the confession was voluntary, since the state offered no testimony to rebut defendant's allegations of coercion and misbehavior of the interrogating officers.
In Louisiana, the statutorily mandated test of voluntariness of a confession is whether the confession was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises. La.R.S. 15:451; State v. Campuzano, 404 So.2d 1217 (La. 1981). Confessions obtained by "any direct or implied promises, however slight, [or] by the exertion of any improper influence, are involuntary and inadmissible as a matter of constitutional law." Bram v. United States, 168 U.S. 532, 542-43, 18 S.Ct. 183, 187, 42 L.Ed. 568, 573 (1897). The state has the burden of affirmatively proving the confession was free and voluntary. La. Code Crim.P. art. 703(D); State v. Haynie, 395 So.2d 669 (La.1981). Therefore, if the defendant alleges police misconduct in eliciting a confession, it is incumbent upon the state to rebut these allegations specifically. State v. West, 408 So.2d 1302 (La.1982); State v. Petterway, 403 So.2d 1157 (La. 1981). However, where a defendant's allegations are in direct conflict with previous testimony by a state's witness on direct examination, the state's witness need not be recalled on rebuttal to repeat what he testified to in the state's affirmative showing. State v. Sims, 310 So.2d 587 (La.1975).
The defendant was arrested following identification by the victim of the robbery in a physical line-up. At the time of his arrest, defendant was in custody for probation violation. The arresting officers advised him immediately of his rights. He had previously been advised of his rights both before and after his participation in the physical line-up. He also signed a preprinted rights form and a waiver form after affirmatively indicating to the interrogating officer that he understood what his rights were and the nature of the charge against him. A verbal interrogation was conducted which lasted about three hours after which defendant gave a taped statement. During this time, defendant was given food and drink and was allowed to take a short nap. The police officers present during the period of interrogation and during the taped statement testified defendant at all times seemed to understand the proceedings.
However, the defendant testified at the hearing to suppress his confession that his confession resulted from the police officers telling him that if he didn't confess to this armed robbery, he would be charged with an additional armed robbery and would face twice as much time in prison. Additionally, the defendant testified the police officers told him his cooperation would be noted to the trial judge, perhaps resulting in a lesser charge or sentence.
The allegations that the officers threatened defendant with further prosecution were specifically rebutted by the police officers. Though they admitted bringing up the subject of another armed robbery, the officers specifically testified they did not threaten to charge him with that robbery if he didn't confess to the present charge. The officers further testified they had made no promises in order to induce defendant to make a statement. Though one of the officers testified he would note in court the defendant's cooperation, the officers testified no promises were made as to a reduction of the charge or possible leniency in sentencing.
Defendant relies on three cases in which the Louisiana Supreme Court addressed the question of inducements or *1272 promises alleged to have been made by police officers to obtain a confession: State v. Jackson, 414 So.2d 310 (La.1982); State v. Dison, 396 So.2d 1254 (La.1981); State v. Vernon, 385 So.2d 200 (La.1980). However, in each of these three cases, the confession was held to be admissible. In State v. Vernon, supra, the case most on point with our instant case, the Supreme Court held the mere fact one officer told the defendant the district attorney would be advised of any cooperation cannot be considered sufficient inducement to vitiate the free and voluntary nature of the confession.
The decision of the trial judge on the question of whether the confession was voluntarily given is entitled to great weight and will not be overturned on appeal unless it is not supported by the evidence. State v. Haynie, supra; State v. Sims, supra. We find the record contains sufficient testimony to support the trial judge's conclusions on credibility and weight of testimony relating to the voluntary nature of the confession. We therefore conclude the state has borne its burden to prove the statement was free and voluntary and not made under the influence of fear, duress, intimidation, meances, threats, inducements, or promises.
Defendant also alleges the trial court erred in refusing to grant a mistrial on the grounds that during the course of direct examination by the state, a police officer testified that upon receiving information linking defendant with the instant robbery, he learned the defendant was in custody for a probation violation. Defendant alleges error on the grounds that the remark was an impermissible reference to another crime.
Article 770 of the Louisiana Code of Criminal Procedure reads in pertinent part as follows:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
"(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * * * * *
"An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."
Article 771 of the Louisiana Code of Criminal Procedure reads in pertinent part as follows:
"In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
* * * * * *
"(2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
"In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial."
Article 770(2) prohibits reference by a judge, a district attorney or a court official to other crimes by the defendant as to which evidence is not admissible under penalty of a mandatory mistrial. However, such a remark by a witness does not require a mistrial if the court is satisfied that an admonition to the jury is sufficient to assure the defendant of a fair trial. La.Code Crim.P. art. 771; State v. Douglas, 389 *1273 So.2d 1263 (La.1980). The testimony by a police officer concerning the status of defendant, although it constituted an improper reference to another crime, did not come within mandatory mistrial provisions as the police officer was not a "court official." State v. Douglas, supra; State v. Foss, 310 So.2d 573 (La.1975). Other crimes evidence is generally excluded to ensure that the defendant will not be presumed to be guilty of the instant crime because of past offenses. State v. Vernon, supra. In the absence of clear prejudice, a witness' unsolicited reference to other crimes committed by the accused warrants only an admonition that the jury disregard the objectionable remark. State v. Stucke, 419 So.2d 939 (La.1982). A prejudicial remark by an experienced police officer should be viewed with considerable concern as to the fairness of the trial and may require granting a mistrial, especially if the remark was precipitated by or should have been anticipated by the district attorney; nevertheless, the decision as to the necessity of granting a mistrial in the circumstances is left to the sound discretion of the trial court. State v. Douglas, supra; State v. Robinson, 342 So.2d 183 (La.1977).
Although other crimes evidence was entered in testimony, we find harmless error in light of the entire record. The unsolicited remark was made by the police officer in his attempt to answer truthfully the question as to the circumstances surrounding defendant's arrest. The trial judge stated he had barely heard the remark and had attached no significance to it as being evidence of any other crime. The trial judge offered to admonish the jury after it reached its verdict but before the verdict was announced and ask the jury members whether or not they did in fact hear the remark; he then decided to not rule upon the motion for mistrial at that time, deferring the ruling until after he could determine whether the jury had in fact heard the remark and whether they had relied upon the remark in their deliberations. Defendant's counsel stated at that time she had not made a decision whether to put the defendant on the stand or not. The defense counsel did in fact allow the defendant to testify with the result that the defendant admitted under oath he committed the armed robbery with which he was charged. Defendant also admitted under cross examination he had been convicted of simple burglary. Under these circumstances, we find no prejudice resulting to the defendant because of the unsolicited comment uttered by the witness police officer.
For the above reasons, we affirm the conviction.
AFFIRMED.