432 So.2d 1018 (1983)
STATE of Louisiana
v.
Richard MYLES.
No. 82 KA 0978.
Court of Appeal of Louisiana, First Circuit.
May 17, 1983.
Ossie B. Brown, Dist. Atty., Baton Rouge by Kay Bates, Asst. Dist. Atty., for plaintiff-appellee.
David Price, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
Defendant, Richard Myles, was charged by Bill of Information with the felony theft of an automobile having a value of more *1019 than $500.00, in violation of LSA-R.S. 14:67. After trial by jury, defendant was found guilty of theft of property having a value of Two Thousand Two Hundred Dollars ($2,200.00), and sentenced to ten years at hard labor at the Department of Corrections. Defendant appeals his conviction and sentence, alleging one assignment of error. We affirm.
On December 20, 1981, Richard Myles, the defendant, was traveling along Terrace Street in Baton Rouge when he happened upon Loretta Hopkins whose car had broken down near her mother's house. The defendant gave her instructions which temporarily repaired the car. The defendant established his connection with a mechanic shop in Baton Rouge, and made arrangements to return to Ms. Hopkins' mother's house later to correct the problem. The defendant told Ms. Hopkins she would need a carburetor kit, which usually cost about $30.00. The next day Ms. Hopkins and Myles made several unsuccessful attempts to locate a carburetor kit over the telephone. The defendant then told her he knew where he could get one for her. She gave him the money, and he left in her 1977 Ford Granada. He never returned with her car, nor has the car been found. The defendant, however, was picked up in Florida and brought back to Baton Rouge in February 1982.
At defendant's trial on the merits, the State called an automobile appraiser as a witness. After swearing the witness in, the prosecutor asked the witness to check the "blue book" and tell the court and jury what the value of the car was at the time of the alleged theft. Counsel for the defense objected to the use of the blue book because of the lack of a proper foundation. The state then presented testimony tending to qualify the automobile appraiser as an expert in appraising used cars, and the court accepted the appraiser as an expert in that area. While testifying as to his qualifications and the methods used to appraise used automobiles, the appraiser commented that he did not have to use the blue book to determine the value of a used car. On cross-examination, the appraiser explained to the court that in arriving at a value he used his experience, coupled with other factors which are taken into consideration in appraising a used car: "... we look at it, we go by mileage, the condition of the car, thethe rubber, the paint, and that kind of stuff. Then we set a wholesale value on the car... And this book, of course, is a guide to go by, what the current market is in the United States, it's the NAVA (sic) book...." The automobile which was the subject of the alleged theft was never recovered; however, the owner, on direct examination, gave a full description of her vehicle, including the condition of the interior, the additional equipment, the condition of the exterior, the mileage thereon, etc.
Defendant urges that he was severely prejudiced by the testimony given by the expert witness as to the value of the stolen car, and contends that the trial judge erred in permitting the expert so to testify without actually having seen the automobile in question and in permitting the expert to refer to the "blue book" (NADA book)[1] in his testimony.
LSA-R.S. 14:67 entitled "Theft" reads in pertinent part:
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
* * * * * *
When there has been a misappropriation or taking by a number of distinct *1020 acts of the offender, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense.
Therefore, had the automobile been valued at a sum less than $500.00, the defendant would not have been subject to a sentence of ten years at hard labor, for felony theft.
LSA-R.S. 15:464, entitled "Expert Testimony", reads:
On questions involving a knowledge obtained only by means of a special training or experience the opinions of persons having such special knowledge are admissible as expert testimony.
The test of the competency of an expert is his knowledge of the subject about which he is called upon to express an opinion, and before any witness can testify as an expert, his competency so to testify must have been established to the satisfaction of the court. LSA-R.S. 15:466. State v. Boyer, 406 So.2d 143 (La.1981). Experience can be enough to qualify a person as an expert. Ashley v. Nissan Motor Corp. in U.S.A., 321 So.2d 868 (La.App. 1st Cir.1975), writ denied 323 So.2d 478 (La.1975).
The competence of an expert witness is a question of fact to be determined within the sound discretion of the trial judge; his rulings on the qualifications of expert witnesses will not be disturbed in the absence of manifest error. State v. Sherer, 411 So.2d 1050 (La.1982); State v. Lawson, 393 So.2d 1260 (La.1981). Individuals who possess special training or experience may give their opinion on questions requiring special knowledge providing they state the facts upon which their opinion is based. State v. Clay, 408 So.2d 1295 (La. 1982). Expert opinion testimony is admitted because the expert is uniquely skilled at drawing inferences; his conclusions from real or hypothetical facts are more helpful to the jury than the facts themselves without conclusions; the jury retains the right and power to accept or reject the expert's conclusions. State v. Short, 368 So.2d 1078 (La.1979). Where an expert was properly qualified, he was properly permitted to base his expert opinion on facts compiled by another expert, where these facts conformed to other factual information published in literature on the subject. See, e.g. State v. Titus, 358 So.2d 912 (La.1977).
To establish that the "blue book" or National Automobile Dealers Association Used Car Guide (NADA book), may properly be used as a guide for evaluating used cars, we need only refer to the several civil cases wherein the NADA book was used to determine the value of a car sold at sheriff's sale after appraisal. See, e.g. Plauche-Locke Securities, Inc. v. Johnson, 187 So.2d 178 (La.App.3d Cir.1966), wherein the court described the NADA "blue book" as "... a commonly accepted guide as to the current value of used cars." at page 182; see, also, Pestco Exterminators, Inc. v. William T. Burton Industries, Inc., 304 So.2d 394 (La. App. 1st Cir.1974); Ozane v. Ozane, 392 So.2d 774 (La.App.3d Cir.1980).
The automobile appraiser was accepted as such by the court in the present case and specifically testified that his valuation of a used automobile was determined by the condition of the automobile at the time in question and the mileage thereon, and that such valuation was arrived at independently of the NADA book. He stated also that the NADA book was used by car appraisers as a guide in determining the nationwide value of a particular model car. Further, we see that the owner gave all the information which any expert auto appraiser would need to value a used car.
Defendant has not shown how he was prejudiced by the expert's reference to the "book" or by the acceptance of the expert's testimony and valuation based on a word description of the car. Significantly, defendant has not offered any testimony to rebut the expert's valuation of the car in question or to show that the value of the stolen property was less than the $500.00 value stated in the Bill of Information. Since $500.00 is the relevant amount by which to grade felony theft (LSA-R.S. 14:67), and the state proved beyond a reasonable doubt that the value of the allegedly *1021 stolen property was over $500.00, it cannot be said that this element of the crime was not proved. State v. Strickland, 398 So.2d 1062, at 1066 (La.1981).
We find no error on the part of the trial judge, as he acted properly and within his discretion in accepting the testimony of the expert witness. The assignment of error is without merit.
The conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] National Automobile Dealers Association Used Car Guide.