470 So.2d 553 (1985)
STATE of Louisiana
v.
Jerry COLLINS.
No. 84 KA 0892.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*555 Ossie Brown, Dist. Atty. by Kay Bates, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
David Price, Asst. Pub. Defender, Baton Rouge, for defendant-appellant.
Before COLE, CARTER and LANIER, JJ.
CARTER, Judge.
This is an appeal from a conviction for aggravated rape and aggravated burglary (LSA-R.S. 14:42 and 14:60).

FACTS
At approximately 4:30 a.m. on December 26, 1981, the victim was awakened by an intruder in her home. The intruder held a pistol to the woman's forehead and shook her awake. The assailant then said, "[j]ust do as I say and I won't kill you." The victim was then raped. Because the room was dark, the victim was unable to identify her assailant, however, she did observe a tatooed cross on his forehead, and she felt a gold tooth in his mouth.
After the rape, the defendant lay on the bed conversing with the victim and, in the course of this conversation, told the victim that he had entered her home through the kitchen window and had taken the pane out and threw it over by her car. He then made the victim put a pillow over her head and ransacked her purse taking a necklace and about $150. Upon leaving the premises, he exited through the back door and knocked out the light. After the assailant left, the victim immediately called the police, and an investigation of the rape and burglary revealed the defendant's fingerprints on the kitchen window pane.
At trial, it was established that defendant had a tatooed cross on his forehead and a gold tooth. Other incriminating evidence produced at trial was that the defendant was a Type B secreter and that this type matched the seminal fluid and spermatozoa found on the sheet and in the vaginal washings of the victim. The most incriminating evidence produced at trial was positive identification of a fingerprint of the defendant on the pane removed to gain entrance into the victim's house.
Defendant, Jerry Lynn Collins, was charged by indictment with aggravated rape in violation of LSA-R.S. 14:42 and aggravated burglary in violation of LSA-R.S. 14:60. A jury convicted defendant of both charges. On the aggravated rape conviction, defendant was sentenced to life imprisonment in the custody of the Department of Correction without benefit of parole, probation or suspension of sentence, and for the conviction of aggravated burglary, he was sentenced to a concurrent term of thirty years at hard labor. Defendant appeals alleging sixteen assignments of error.[1] Defendant did not brief his second and thirteenth assignments of error relevant to the trial court's ordering the defendant to show his teeth to the jury and the trial court's overruling defendant's objection to the state's introduction of a forensic report. These two assignments of error are therefore considered abandoned. Uniform RulesCourt of Appeal, Rule 2-12.4.

ASSIGNMENT OF ERROR NO. 1
In this assignment of error, defendant contends that the trial court erred in denying his motion to recuse the assistant district attorney who prosecuted the case. The prosecutor had represented defendant in 1978 on an aggravated rape charge. Defendant argued that the prosecutor had been privy to confidential information which could, conceivably, prejudice defendant. However, defendant presented no evidence to substantiate his contention other than that the prosecutor would have knowledge of his mental status. However, defendant's mental status was not at issue in this trial.
*556 The trial court denied defendant's motion to recuse citing State v. Johnson, 310 So.2d 600 (La.1975). In Johnson, the supreme court found no basis for recusing an assistant district attorney inasmuch as the representation had been concluded more than one year prior to the commission of the offense for which defendant was being tried. In that case, as in this one, the court found that the previous representation afforded no advantage to the assistant district attorney in the prosecution of the case. See also State v. Bell, 346 So.2d 1090, 1100 (La.1977); State v. Brown, 274 So.2d 381 (La.1973).
In the case sub judice, the assistant district attorney denied any recollection of the facts and circumstances surrounding any prior representation of the defendant. In fact, he had had no contact with the defendant for approximately five years. Defendant based his motion to recuse merely on the speculation that the prosecutor might recall confidential information which defendant had told him in the prior case. There was no allegation that such confidential information even existed. A conclusionary statement of potential prejudice is insufficient to warrant a reversal of the trial court's action. State v. Bell, supra; State v. Brown, supra.
Defendant's first assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant alleges that the trial court erred in overruling an objection to a leading question. Specificially, defense counsel objected to the following colloquy:
Q. [NAME OMITTED], this man that was standing right in front of this podium [defendant] appears similar to the person that attacked you on that night?
MR. PRICE: I'm going to object to the question.
THE COURT: Overruled.
. . . . .
Q. I'm asking you if the man who attacked you appear to be similar to the person that was standing before you a few seconds ago?
A. Yes.
Q. Can you tell us whether or not he is the man that attacked you?
A. No.
Defendant argues that the above quoted dialogue prejudiced the defendant inasmuch as the only issue at trial was the assailant's identity.
A leading question, as defined in LSA-R.S. 15:277, is one which suggests to one's own witness the answer to be delivered, and said witness is neither hostile nor unwilling. Leading questions are not permissible. The matter of leading one's own witness is largely within the discretion of the trial court, and only a clear abuse of that discretion, which prejudices defendant's rights, will justify the reversal of a conviction. State v. Jones, 439 So.2d 598 (La.App. 1st Cir.1983).
In the instant case, the witness did not answer the prosecutor's leading question. On the contrary, in spite of the trial court's ruling, the prosecutor rephrased the question. Even so, the witness still refused to identify defendant as her attacker.
Defendant has not shown that he was prejudiced by the leading question. This assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 4 AND 8
Defendant asserts that the trial court erred in allowing the introduction of exhibit S-8 (a rights of arrestee form) and exhibit S-15 (a serology report) over defendant's objection. Defendant argues that said evidence was irrelevant, inasmuch as the individuals who prepared the reports testified and their testimony is the best evidence of the facts at issue.
The requirement that "best evidence" be produced, if it is within a party's control and by the nature of the case presumed to exist, does not preclude the introduction of corroborative evidence. LSA-R.S. *557 15:436; State v. Hollingsworth, 337 So.2d 461 (La.1976).
In Hollingsworth, supra, the Court found no violation of the best evidence rule in admitting a coroner's report into evidence in addition to the coroner's testimony. The Court stated:
Written reports are favored for their reliability as the best evidence. They are less likely to contain errors than a witness' testimony, especially when the time lapse between the recorded facts and the testimony is appreciable.
. . . . .
These reports were also admissible in corroboration of the testimony of the witnesses. (337 So.2d at 466-467)
On the basis of the above cited jurisprudence, the trial court did not err in overruling defendant's objection to the introduction of either the rights of arrestee form or the serology report. Both exhibits corroborated the testimony of the witnesses. Furthermore, a trial court's ruling as to the relevancy of evidence will not be overturned absent a clear abuse of discretion. State v. Swartz, 444 So.2d 660 (La. App. 1st Cir.1983). There was no such abuse of the trial judge's discretion relative to the introduction of these exhibits.
Assignments of Error Nos. 4 and 8 are without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant alleges that the trial court erred in refusing to grant a motion for mistrial. Defendant argues that, while Police Officer Paul Maranto, Jr. was testifying, he made an indirect reference to other crimes committed by defendant.
The officer testified that defendant was compelled by court order to submit body fluid and hair samples for analysis, which were taken by the deputy coroner.
The prosecutor asked Officer Paul Maranto, Jr. to explain the procedure involved in complying with this court order. At one point in his testimony, Officer Maranto stated that he "... escorted Mr. Collins [the defendant] from the downtown jail..." to obtain the samples. It is this comment to which defendant objects. Defendant asserts that Officer Maranto's reference to defendant's presence in the downtown jail constituted a reference to other crimes.
Out of the presence of the jury, the trial court denied defendant's motion for a mistrial. The trial court did offer to admonish the jury to disregard Officer Maranto's statement, and defense counsel rejected the admonition.
A mistrial must be ordered if a defendant is precluded from obtaining a fair trial because of prejudicial conduct in or outside the courtroom. LSA-C.Cr.P. art. 775. If within the hearing of the jury a court official directly or indirectly refers to another crime committed or alleged to have been committed by the defendant, as to which evidence is not admissible, a mistrial is mandated. LSA-C.Cr.P. art. 770. In such a case, an admonition would be sufficient to avoid a mistrial if the defendant requests that only an admonition be given. LSA-C.Cr.P. art. 770.
An admonition to the jury is proper if a witness, other than the judge, district attorney, or court official makes an indirect comment relative to other crimes. In such a case, a motion for mistrial should be granted only if the trial court is not satisfied that the admonition will assure the defendant a fair trial. LSA-C.Cr.P. art. 771.
A police officer is not a court official for purposes of a mandatory mistrial, as set forth in LSA-C.Cr.P. art. 770. State v. Odds, 430 So.2d 1269 (La.App. 1st Cir. 1983). In Odds, a police officer testified that the defendant was in custody while the officer was investigating the crime for which the defendant was on trial. In reviewing the trial court's refusal to grant a mistrial this court stated, "the decision as to the necessity of granting a mistrial in the circumstances is left to the sound discretion of the trial court". State v. Odds, supra at 1273.
*558 In the present case, the trial court was satisfied that an admonition to the jury would be sufficient to assure defendant a fair trial. However, the admonition was declined. The witness's statement as to defendant's presence in the downtown jail was unsolicited and sufficiently vague to warrant, at most, an admonition. There is no showing of clear prejudice to defendant since the statement was vague and subject to various interpretations. Further, there is no showing that defendant was unable to obtain a fair trial because of this statement.
For these reasons, defendant's fifth assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 6, 7 AND 9
Defendant alleges that the trial court erred in qualifying Patrick Lane, as an expert in the area of fingerprint lifting and collecting, Shirley Phillips, as an expert in the field of serology, and Sybil Guidry, as an expert in latent fingerprint analysis. Defendant alleges that each of these individuals lack sufficient education, training, and experience to be qualified as an expert in his or her respective field.
At the time of trial, Patrick Lane had been employed in the Louisiana State Police crime laboratory as a forensic scientist for over five years. His educational background included a B.S. degree in biology. He attended programs offered by the F.B.I. and Louisiana State University on the classification and collection of fingerprints. He taught fingerprint collection at the Basic Police Academy and the Baton Rouge City Police Training Academy. He had qualified as an expert in fingerprint collection 37 times.
Shirley Phillips was employed as a forensic scientist at the Louisiana State Police crime laboratory, where she had worked for thirteen years. She received a B.S. degree from Louisiana State University in zoology and chemistry. She attended special schools at the F.B.I. Academy and Serological Research Institute. She handled thirty to sixty serology cases per month, and she had previously qualified as an expert in serology.
Sybil Guidry qualified as an expert in latent fingerprint analysis. She had, at the time she testified, been employed for eight years as a latent fingerprint analyst with the Louisiana State Police and had been employed by the state police for fifteen years. She attended courses in this field offered by the F.B.I. and Louisiana State University. She had qualified as an expert in this field in fourteen judicial districts.
This Court, in State v. Myles, 432 So.2d 1018, (La.App. 1st Cir.1983), required that a proposed expert witness satisfy the trial court as to his knowledge and competency in the field about which he is called upon to express an opinion. In reviewing the trial court's determination, the competence of an expert witness is a question of fact to be determined within the sound discretion of the trial judge; his rulings on the qualification of expert witnesses will not be disturbed in the absence of manifest error. State v. Myles, supra. See also LSA-R.S. 15:466; State v. Lawson, 393 So.2d 1260 (La.1981).
In the instant case, the training, educational background, and actual case-work experience of Patrick Lane, Shirley Phillips, and Sybil Guidry are sufficient to overcome any allegation that the trial court abused its discretion in qualifying them as experts in their respective fields.
Accordingly, Assignments of Error Nos. 6, 7 and 9 are without merit.

ASSIGNMENTS OF ERROR NOS. 10, 11 AND 12
Defendant alleges that the trial court erred in allowing, over defense objection, the introduction of exhibits S-11a, S-12, and S-13 (the fingerprint card of defendant, the latent fingerprint lifted from the victims window pane, a photograph of the fingerprint on the victim's window pane). Defendant argues that these exhibits are not relevant because there is no *559 national standard regulating the analysis of latent fingerprints. Defendant also urges that the prejudicial effect of such evidence outweighs its probative value.
The identification of defendant's fingerprint on the victim's window pane was significant relevant evidence linking defendant to the crime for which he was tried. The exhibits in question supported this identification.
This Court in State v. Whittaker, 449 So.2d 611, 613 (La.App. 1st Cir.1984), writs granted, 458 So.2d 466 (La.1984) stated:
Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
Defendant does not set forth any basis for his assertion that the fingerprint exhibits should have been excluded, other than the absence of national standards for fingerprint analysis. Latent fingerprints and expert analysis of latent fingerprints have long been admitted in criminal proceedings to link a defendant to a crime, a lack of national standards for analysis notwithstanding. See State v. Knighton, 436 So.2d 1141 (La.1983), cert. denied, Knighton v. Louisiana, ___ U.S. ___, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); State v. Baldwin, 388 So.2d 664 (La.1980), cert. denied, Baldwin v. Louisiana, 449 U.S. 1103, 101 S.Ct. 901, 66 L.Ed.2d 830 (1981); State v. White, 430 So.2d 174 (La.App. 2nd Cir. 1983).
The exhibits in question were relevant, and there is no showing of undue prejudice in their admission. The trial court did not abuse its discretion in allowing the introduction of exhibits S-11a, S-12, and S-13.
Assignments of Error Nos. 10, 11 and 12 are without merit.

ASSIGNMENT OF ERROR NO. 14
Defendant alleges that the trial court erred in refusing to grant defendant's motion for a new trial. The grounds for the motion consisted of Officer Paul Maranto's reference to other crimes, the motion to recuse the assistant district attorney, the qualification of Sybil Guidry as an expert witness, and the allegation of new evidence.
The trial court is not required to grant a motion for new trial when no injustice is shown to have been done to the defendant. LSA-C.Cr.P. art. 851. Further, the trial court's denial of the motion for new trial will not be disturbed absent a clear abuse of discretion. State v. Buchanan, 439 So.2d 576 (La.App. 1st Cir.1983).
Officer Maranto's indirect reference to other crimes was fully addressed in Assignment of Error No. 5. The officer's comment that he escorted defendant to the coroner's office from the downtown jail did not warrant the granting of a mistrial, nor does it warrant reversal of the trial court's denial of the motion for a new trial.
Similarly, the court's refusal to recuse the assistant district attorney was addressed in Assignment of Error No. 1. On the basis of this Court's review of that assignment of error, we find no abuse of the trial court's discretion in failing to grant the motion for new trial. Such is also the determination of this Court relative to the qualification of Sybil Guidry as an expert witness, which was discussed at length in Assignments of Error Nos. 6, 7 and 9.
Defendant has alleged one additional ground in support of his motion for new trial, the discovery of new evidence. The test in determining whether a motion for new trial based on newly discovered evidence should be granted is whether the new evidence is so material that it ought to produce a different result from the verdict rendered at trial. LSA-C.Cr.P. art. 851(3); State v. Buchanan, supra.
In the instant case, defendant offered the testimony of Susie Collins, defendant's first cousin, and Florence Collins to establish his allegation of newly discovered evidence. The premise of the new evidence was that the victim knew defendant had not attacked her.
*560 Susie Collins stated that the victim called her two years after the rape to discuss the attack. The pertinent part of Ms. Collins' testimony is as follows:
DIRECT EXAMINATION:
Q. Did [name omitted] mention somebody else's name?
A. A Lionel.
Q. Would that be Lionel Reed?
A. Probably.
. . . . .
CROSS EXAMINATION:
Q. Okay. Did she give you a description of who raped her?
A. No, she didn't.
. . . . .
Q. So she never said that she could identify who raped her?
A. No.
Susie Collins' testimony was inconsistent. The suggestion that another man was actually the assailant was never positively confirmed by the witness. On the contrary, the witness stated that the victim did not identify her attacker. Such testimony would concur with that of the victim, who consistently maintained at trial that she could not identify the assailant.
Florence Collins also testified at defendant's hearing on the motion for new trial. Ms. Collins admitted talking with the victim about the rape, but stated, on direct examination:
Q. Did the name Lionel Reed come up at any time?
A. Never. She didn't name nobody.
. . . . .
Q. Did she indicate to you that she knew who had attacked her?
A. No she didn't.
The evidence presented by defendant in support of his allegation of new evidence is insufficient to establish that the alleged new evidence is so material that it ought to produce a different result from the verdict rendered at trial.
Accordingly, Assignment of Error No. 14 is without merit.

ASSIGNMENT OF ERROR NO. 15
Defendant alleges that the trial court erred in accepting a verdict contrary to law and evidence. This assertion questions the sufficiency of the evidence, the fingerprint analysis, and the serology report, and alleged the existence of new evidence. Each of these arguments have been fully addressed in Assignments of Error Nos. 8, 10, 11, 12 and 14.
When reviewing the sufficiency of the evidence, it must be determined whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. LSA-C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir. 1983).
The evidence offered at trial linking defendant to the aggravated rape and aggravated burglary was sufficient, when viewed in the light most favorable to the prosecution, to convince any rational trier of fact, beyond a reasonable doubt, that defendant, had in fact, committed the crimes for which he was on trial.
Assignment of Error No. 15 is without merit.

ASSIGNMENT OF ERROR NO. 16
Defendant alleges that the trial court erred in imposing an excessive sentence. Defendant was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence, for aggravated rape. Defendant received a concurrent sentence of thirty years for aggravated burglary.[2]
*561 The sentence required for a conviction for aggravated rape is life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. LSA-R.S. 14:42. The maximum sentence for conviction of aggravated burglary is imprisonment at hard labor for thirty years. LSA-R.S. 14:60. However, when a firearm is used in the commission of an aggravated burglary, LSA-R.S. 14:95.2 requires that in addition to any other penalty imposed, the person convicted shall serve the additional term of two years imprisonment for the first conviction, and, upon conviction for each second and subsequent offense, he shall serve a term of five years imprisonment. The additional term of imprisonment shall be served without benefit of parole, probation, suspension of sentence or credit for good time. This additional sentence cannot be suspended, and it must be consecutive to any other penalty imposed. LSA-C.Cr.P. art. 893.1 requires that when a firearm is used in the commission of a felony, the imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.[3]
In sentencing defendant, the trial judge incorporated the remarks he made on the same day in sentencing defendant for a conviction of attempted second degree murder and aggravated burglary.
The trial court noted that defendant had an extensive criminal record. As a juvenile, in 1970, defendant was charged and counseled for making threatening phone calls. In 1973, he was charged and counseled for attempted burglary. He was also charged in 1973 with theft, carrying a concealed weapon, auto theft, and simple arson. In 1974, he was placed on supervised probation as a juvenile for burglary, theft, and attempted burglary. This probation was revoked when defendant violated the conditions of his probation.
As an adult, defendant was charged in 1976 with aggravated rape, armed robbery, felony theft, aggravated burglary and simple kidnapping. In 1978, defendant was sent to the Louisiana State Hospital at Jackson for observation and analysis. Defendant was arrested in 1980, 1981, and 1982, on over twenty charges ranging from aggravated battery to attempted murder.
When imposing sentence, the trial court is not limited to a consideration of prior convictions in reviewing a defendant's prior criminal activity. State v. Marchese, 430 So.2d 1303 (La. 1st Cir.1983). As noted above, defendant's prior criminal activity is extensive. The court further concluded that defendant's conduct indicated an undue risk that he would, if not confined, commit another crime and that a lesser sentence would deprecate the seriousness of the crimes for which defendant was convicted. Clearly, the trial judge observed the sentencing guidelines of LSA-C. Cr.P. art. 894.1. The trial court is given wide discretion in the imposition of sentences within the statutory limits, and a sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Marchese, supra.
On the basis of defendant's criminal record and because of the severity of the crimes for which defendant was convicted, the trial court did not abuse its discretion in sentencing defendant.

CONCLUSION
For the foregoing reasons, defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] Defendant's assignments of error are misnumbered in his brief.
[2] These sentences were ordered to run consecutively with previously imposed concurrent sentences for attempted second degree murder and aggravated burglary of fifty and thirty years respectively. The previously imposed sentences were for prior convictions of offenses involving the use of a firearm and were imposed on the same date as the sentences in the instant case. Cf. State v. Jerry Collins, 470 So.2d 569 (La.App. 1st Cir.1985).
[3] Because the state did not charge the aggravated burglary was committed with a firearm (as it was) or ask for enhancement pursuant to LSA-R.S. 14:95.2 and LSA-C.Cr.P. art. 893.1, the sentence imposed herein for that offense is legal even though the district court did not comply with those statutes. State v. Coleman, 465 So.2d 709 (La.1985). However, we consider those statutes because they are legislative expression about the seriousness of crimes involving firearms and are relevant to determining if the sentence imposed was excessive. State v. Phillips, 412 So.2d 1036 (La.1982); State v. Williams, 452 So.2d 234 (La.App. 1st Cir.1984), writ not considered, 456 So.2d 161 (La.1984).