W. ELLIS BOND, Judge Pro Tem.
The defendant, Joseph Anthony Schoth, was charged by a bill of information with five counts of distribution of a controlled dangerous substance, in violation of La. R.S. 40:969(A). On May 7, 1985, the defendant, pursuant to plea negotiations with the state, entered a plea of guilty to two counts of distribution. A presentence investigation was ordered. On August 28, 1985, the trial court judge sentenced the defendant on each count to serve two and one-half years with the Department of Corrections and to pay a fine of $1,500.00 along with court costs. In default of payment of fine and costs, the defendant is to serve, on each count, an additional one year with the Department of Corrections. The defendant appeals his sentence, urging three assignments of error.
ASSIGNMENTS OF ERROR, NUMBERS 1 and 2:
Through these assignments of error, the defendant contends that the trial court erred in failing to properly apply the sentencing guidelines set forth in La.C.Cr.P. art. 894.1 and in failing to state for the record the considerations taken into account and the factual basis therefor.
La.C.Cr.P. art. 894.1, which was enacted to assist the courts in imposing appropriate sentences, provides sentencing guidelines. There are three factors weighing in favor of a sentence of imprisonment, or aggravating circumstances, and eleven factors weighing in favor of a probated or suspended sentence, or mitigating circumstances. Under La.C.Cr.P. art. 894.1, a trial judge, in sentencing, must state for the record those circumstances taken into account as well as the factual basis for a sentence imposed. State v. MacDonald, 390 So.2d 1276 (La.1980). However, the sentencing judge is not required to articulate every factor provided in art. 894.1 so long as the record reflects that these factors were considered in particularizing the sentence to the defendant. State v. Morgan, 428 So.2d 1215 (La.App. 3rd Cir. 1983), writ denied, 433 So.2d 166 (La.1983).
The trial court judge, in sentencing the defendant, stated for the record:
“The law, under article 894.1, directs the court to consider certain matters in imposing sentence. These matters are enumerated in the law. And the court has considered these matters in imposing sentence.”
Further, the trial court judge reviewed the mitigating circumstances and applicable provisions of Paragraph B of the article, paying particular attention to subsections (2), (7), (10) and (11). Thus, the record shows that the district judge was aware of, and considered, the guidelines of La.C. Cr.P. 894.1. This is all that is required. State v. Brooks, 431 So.2d 865 (La.App. 2nd Cir.1983) and State v. Brian, 467 So.2d 878 (La.App. 3rd Cir.1985).
The record also contains mention of the considerations and factual basis for imposing sentence on defendant. The trial court judge stated the facts of the case and took into consideration the defendant’s age and the fact that he had no dependants. The court also referred to the presentence investigation report and commented on the defendant’s “spotty” work record and a history of delinquency or criminal activity. Therefore, the defendant’s contentions appear to be lacking in merit.
Moreover, even should it be found that the trial court judge failed to adequately consider or articulate the 894.1 guidelines in sentencing the defendant, where a sentence imposed is not apparently severe and is in the lower range of the sentencing scale, a Court of Appeal need not remand for compliance with article 894.1. State v. Jones, 412 So.2d 1051 (La.1982) and State v. Rainwater, 448 So.2d 1387 (La.App. 3rd Cir.1984). The maximum sentence which this defendant could have received is ten years at hard labor and a $15,000.00 fine in each of the two cases. La.R.S. 40:969(A). Sentencing the defendant to two and one-half years at hard labor and a $1,500.00 fine on each count is in the lower range of the applicable sentencing scale and is not apparently severe.
*1284 Thus assignments of error, Numbers 1 and 2, are without merit.
ASSIGNMENT OF ERROR NUMBER 3:
The defendant alleges in this assignment of error that the trial court erred in imposing an excessive sentence resulting in cruel and unusual punishment to the defendant.
The defendant pleaded guilty to two counts of distribution of a controlled dangerous substance, a violation of La.R.S. 40:969(A). La.R.S. 40:969(A) provides, in part:
“A. Manufacture; distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally;
(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule IV.”
The maximum penalty provided by law for a defendant convicted of distributing the Schedule IV drug diazepam is ten years at hard labor and a $15,000.00 fine.
As mentioned earlier, the defendant was sentenced on each count to serve two and one-half years at hard labor with the Department of Corrections and was fined $1,500.00. Therefore, the sentence imposed on the defendant is well within the statutory limit for sentencing. However, even a sentence which falls within the statutory limits may violate a defendant’s right against excessive punishment. La.Const. Art. 1, § 20; State v. Sepulvado, 367 So.2d 762 (La.1979).
The appellate standard for determining whether a sentence is unconstitutionally excessive has been articulated by this court as follows:
“A sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice. Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982).” Morgan, supra, at page 1216.
By virtue of the sentencing provisions in La.R.S. 40:969(A), it is apparent that distribution of a controlled dangerous substance is a serious offense. The record shows that the defendant was originally charged with five counts of distribution of a controlled dangerous substance and that through plea bargain arrangement, he was allowed to plead guilty to only two counts and the other three were dropped. The presentence shows that defendant was arrested for possession of marijuana as a juvenile in 1977; two counts of simple criminal damage to property in 1979, which was not prosecuted; driving while intoxicated and speeding in 1983 resulted in convictions; and, while awaiting trial on these charges, he was arrested for conspiracy to distribute CDS, distribution of CDS and armed robbery. The latter charges were not prosecuted because of defendant’s guilty pleas in this case.
Other criminal activities, including arrests even though not prosecuted to convictions, are facts proper for consideration by the court in imposing sentence. State v. James, 447 So.2d 580 (La.App. 3rd Cir.1984); State v. Palmer, 448 So.2d 765 (La. App. 2nd Cir.1984), writs denied, 452 So.2d 695 (La.1984); and, State v. Collins 470 So.2d 553, (La.App. 1st Cir.1985).
This assignment of error is without merit.
For the foregoing reasons the sentences of the defendant are affirmed.
AFFIRMED.