KLEES, Judge.
Defendant, Tyronne Clofer, was convicted of second degree murder, a violation of La. R.S. 14:30.1. He was sentenced to life imprisonment at hard labor without benefit of parole. From this sentence defendant appeals.
On April 25, 1986, at around 11:30 a.m., the defendant approached the victim, Eugene Johnson, and the victim’s two friends, Tracy Washington and John Smith, as they exited the Busy Bee Grocery Store located near the Desire Project on Piety Street. The defendant, wno knew all three men, asked them for money. When they failed to respond, Clofer pulled a gun out of a canvas bag he was carrying over his shoulder and shot Johnson in the back as he ran away.
Defendant’s first claim of error contends that the trial court erred in overruling its objection to a leading question asked by the State to prosecution witness, Tim Seuzen-eau, the detective from the New Orleans Police Department Homicide Division who investigated the murder.
The pertinent portion of the transcript provides:
Q Now, after you left the scene, what did you do for your investigation
A After I left the scene, then I went back to the Homicide Office and started the paperwork. While I was in the Homicide Office, I received a phone call from the victim’s mother just, you know, wanting to know if I knew why her son was killed, what was the motive, etc., etc., which at that time I advised her I didn’t have the motive.
Q As a result of your conversation with the victim’s mother, did you try to contact someone?
A Okay. Well, later on that night the victim’s father telephoned the Homicide Office.
Q Alright. As a result of that conversation, did you try to contact someone?
A Right. As a result of that conversation, then I called Mrs. Porter back the next day.
Q And what did you do?
A At that time I learned there was a subject that was with her son at the time the murder occurred. Mrs. Porter also gave me the name of the subject that was with her son, along with his phone number. Also with the first name of the perpetrator and his phone number.
Q Now who did you contact after that?
A Then I contacted a witness by the name she gave me that was with her son, who was Tracy Washington.
Q And did you arrange a meeting with Tracy?
A Right. I spoke with Tracy Washington. I conducted a verbal interview with him over the telephone. He gave me the facts, what he witnessed on the scene, at which time I made arrangements to have him meet with me in the Homicide Office for a typewritten statement.
Q Did he meet with you?
*193 A Yes, he did.
Q Did he give you the name of someone else to contact?
A Yes, he did. When he arrived at the Homicide Office, during the time of the typewritten statement, he also informed me that another witness by the name of John Smith was also in his company along with the victim at the time of the shooting.
Q Were you ever able to contact Mr. Smith?
A Yes, I was.
Q Did you interview him?
A I interviewed him verbally. Yes, I did.
Q Now from your investigation did you learn that a person named Tyrone was involved in this case?
BY MR. TAYLOR:
Objection, Your Honor. She is leading her witness.
BY THE COURT:
I don’t see that as a leading question. You can answer that.
BY MR. TAYLOR:
Note my objection.
A Yes, I did.
EXAMINATION BY MS. WEISLER:
Q Alright. When did you first hear that name?
A From the witness Tracy Washington. And then from the witness John Smith.
A leading question, as defined in L.S.A.-R.S. 15:277, is one which suggests to one’s own witness the answer to be delivered, and said witness is neither hostile nor unwilling. Whether a conviction should be reversed because an attorney asks his own witness a leading question is within the wide discretion of the trial court. Reversal is not justified absent “a clear abuse of discretion, which prejudices defendant’s rights.” State v. Collins, 470 So.2d 553, 556 (La.App.1st Cir.1985).
In this case, the form of the question that triggered the objection was leading. However, within the context of the line of inquiry the question was appropriate. The prosecuting attorney mentioned no last names nor did she state any other identifying remarks. Defense counsel offered no argument as to how the leading question at issue prejudiced the defendant’s rights. In light of the subsequent questions asked to the witness, after the objection was made, it is obvious that the witness knew the defendant’s name was “Tyronne” from his conversations with Tracy Washington and John Smith. That the State did not establish this fact before it mentioned the name “Tyronne” to the witness can not be said to have prejudiced the defendant. This claim of error is without merit.
Defendant’s second claim of error contends that the court erred in overruling its objection to the introduction of all the State’s evidence.
The State, during its presentation, marked numerous items as exhibits which were identified and discussed by the State’s witnesses before the jury. The defense did not object to the jury’s viewing any of these exhibits at that time nor did the defense bring any pre-trial motions regarding the admissibility of any of this evidence. It was not until the close of the State’s case, when the State formally offered into evidence each of these exhibits, that defense counsel made an objection to the introduction of each exhibit. He stated no grounds for the objection. Louisiana Code of Criminal Procedure requires not only an objection, but also a statement of the grounds for the objection. Article 841 provides:
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
The requirement of an objection shall not apply to the court’s ruling on any written motion.
Failure to specify the grounds for an objection prevents the defendant from raising the issue on appeal. State v. Henry, 449 So.2d 486 (La.1984). The defense can *194 not question the trial court’s overruling of his objection to the introduction of the State’s evidence because defense counsel failed to state the reasons for the objection at trial. Without a valid, complete objection, this Court is without the opportunity to rule on the alleged error.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.