FORET, Judge.
The defendant, Raymond Boutte, was charged by bill of information with possession of cocaine and possession of cocaine with intent to distribute, in violation of LSA-R.S. 40:967. The defendant changed his plea of not guilty to guilty on one count of possession of cocaine. The State agreed to dismiss the charge of possession with intent to distribute and recommended that a pre-sentence investigation be conducted, that the court sentence the defendant to not more than three years at hard labor, and that it may order the forfeiture of the truck used by the defendant at the time of his arrest.
The defendant was subsequently sentenced to serve three years at hard labor, and his truck was ordered forfeited to the Iberia Parish Sheriffs Department.
The defendant now appeals the sentence imposed as excessive and claims the court failed to follow proper forfeiture procedure concerning the defendant’s truck. We affirm the defendant’s sentence, but reverse the judgment insofar as it orders the forfeiture of the defendant’s truck.
On March 16, 1983, a woman was arrested by the Iberia Parish Sheriff’s Department for possession of cocaine. She told the authorities that she had obtained the cocaine from the defendant and agreed to have the defendant deliver more to her. She telephoned the defendant, who agreed to deliver the cocaine to her. The Sheriff’s Department recorded the contents of the telephone conversation and subsequently placed the defendant under surveillance. The defendant was followed from his home to the neighborhood where the woman lived, at which point he was stopped by the authorities. As the defendant got out of his truck, a packet containing 8 grams of cocaine dropped to the ground and was seized by the deputies. The defendant consented to a search of his home, where another 9 grams of cocaine were found. The defendant’s wife was present in the home, and she too was arrested.
At the hearing conducted on September 29, 1983, wherein the defendant changed his plea to guilty and was Boykinized, he admitted that the facts of the crime as presented by the State were correct. The defendant also stated that he understood that as part of his plea bargain that the court could impose any sentence up to three years at hard labor.
At the sentencing hearing conducted on December 14, 1983, the trial court acknowledged the favorable nature of the pre-sen-tence investigation report and the many letters of recommendation submitted on behalf of the defendant, but, upon consideration of the sentencing guidelines in LSA-C. Cr.P. Art. 894.1, imposed the three-year sentence.
The trial court gave a great deal of consideration to the defendant’s prior conviction for possession of marijuana, the fact that he was again arrested on drug charges so soon after his first probationary period ended, and the seriousness of the offense committed.
The trial court’s examination of the aggravating and mitigating factors was thorough and clear:
*241 “It is well settled that the trial judge is given wide discretion in the imposition of sentences and the sentence imposed by him should not be set aside in the absence of abuse of that discretion. State v. Jones, 381 So.2d 416 (La.1980); State v. Sepulvado, 367 So.2d 762 (La.1979).” State v. Bell, 438 So.2d 636 (La.App. 2 Cir.1983).
We find that the trial court’s sentencing choice is supported by the record, and there was no abuse of discretion.
The second error raised by the defendant is our learned brother’s order regarding the forfeiture of the defendant’s pickup truck. Defendant contends that the forfeiture, if ordered in lieu of a fine, is in excess of the maximum fine allowed by the statute. If the State did intend the recommendation that the truck could be forfeited to be a part of the defendant’s sentence, then we could have the imposition of an illegal sentence in this case. We are not inclined to treat the recommendation of forfeiture as part of the plea bargain, but feel instead that the State was simply apprising the defendant that the court could order the forfeiture if it chose to.
The court at all times had the power to order the forfeiture, even if the charges against the defendant had been dismissed. See LSA-R.S. 32:1550(0(4).
In light of that consideration and the fact that seizure and forfeiture of contraband are governed by an entirely separate and distinct statutory scheme contained in LSA-R.S. 32:1550 et seq., we feel that it is the better policy for the State to adhere to the proper forfeiture procedure once the defendant has been informed that forfeiture may be ordered.
We find no evidence in the record of any adherence to the procedure in LSA-R.S. 32:1550 et seq. governing such a forfeiture, and, since we feel that it should not be dispensed with, we hereby vacate the order and remand this case to the trial court to conduct a proper forfeiture proceeding for the defendant’s truck.
In all other respects, the defendant’s conviction and sentence are hereby affirmed for the reasons stated herein.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.