466 So.2d 807 (1985)
STATE of Louisiana
v.
Ronnie DEVILLIER.
No. 84-KA-108.
Court of Appeal of Louisiana, Fifth Circuit.
March 14, 1985.
*808 Dorothy Pendergast, Asst. Dist. Atty., Gretna, for State.
Robert Fadaol, Gretna, for defendant/appellant.
Before CHEAHRDY, BOWES and GAUDIN, JJ.
BOWES, Judge.
On March 24, 1983, the defendant, Ronnie J. Devillier, was charged by a bill of information with violation of R.S. 40:967, possession of a controlled dangerous substance, to-wit: phenmetrazine (Preludin). The accused was arraigned on May 11, 1983 and entered a plea of not guilty.
On June 27, 1983, the defendant withdrew his plea of not guilty and entered a plea of guilty as charged. On August 31, 1983, following a pre-sentence hearing, the defendant was sentenced to four years imprisonment at hard labor with credit for time served.
It is from that sentence the defendant now appeals. We vacate the sentence because it is excessive and remand for resentencing in a manner not inconsistent with this opinion.
On February 9, 1983, the defendant received a telephone call from one Norman Blanchard, who requested a ride to work the following morning. The defendant was acquainted with Blanchard, through his association with Blanchard's sister. Devillier met Blanchard the following morning as planned and they stopped for about an hour for breakfast at Schnell's Restaurant. Devillier departed alone and proceeded on to work. A short time later, Jefferson Parish narcotics agents stopped the defendant while he was operating his motor vehicle, ordered him from the vehicle, searched him and seized seven (7) Preludin tablets. A consensual search of Mr. Devillier's vehicle disclosed an additional thirty-five (35) Preludin tablets in a container under the passenger side of his motor vehicle. Mr. Devillier had informed the police authorities as to his possession of the seven (7) tablets seized. He claimed that he had received the tablets that morning from Mr. Blanchard for remission of a debt of Blanchard to him of some $200.00. He denied any knowledge of the additional tablets found in the search of his vehicle.
Preludin, a brand of phenmetrazine hydrochloride, is a central nervous system stimulant approved for the short-term treatment of obese adults. Mr. Devillier, whose height is five feet six inches, and whose weight is approximately 155 pounds, stated that he obtained the Preludin in order to help him lose weight.
Although the defense has submitted four assignments of error, these assignments bespeak but one questionis the sentence of four years at hard labor imposed upon the defendant excessive? Accordingly, we will address only this one question.
*809 The defense submits that the defendant's personal history is one that would militate for a lesser sentence than that imposed by the trial court.
We find the following to be the facts. Ronnie Devillier is a forty-six year old father of two sons. He has no prior criminal record. The only indication of any juvenile record was an allegation of a theft charge brought to light by the defendant's brother. However, Mr. Thomas J. Mix, the probation officer, testified he found no juvenile record at all. The defendant, an honorably discharged army veteran who served in Korea, has a G.E.D. (equivalent to a high school education) and a stable employment record as an electrician. He had a very good work record at Avondale for eighteen years and thereafter, according to the probation report, was self-employed for another ten years. Recently, due to the economy, he "hired-out" to other electricians as an employee. Although the defendant was unemployed at the time of the pre-sentence investigation, he has since found full-time employment.
The defendant, although divorced from his wife, maintains a close relationship with his two sons and contributes to the support of his one remaining minor child. He sold his interest in a duplex and turned over the bulk of the proceeds to his ex-wife, enabling her to purchase a house and thereby benefit their younger son.
The defense submits that the pre-sentence investigation report contains numerous inaccuracies and prejudicial statements. Because the case was resolved by a plea bargain arrangement, the trial court had to base its sentencing choice almost exclusively on this report. It is argued by the defense that it is because of these inaccuracies that the defendant received an excessive sentence. Numerous cases are cited by the defense as authority for the premise that, as the pre-sentence report contained misleading and false information, the case should be remanded for resentencing.[1]
We have examined the P.S.I. report very carefully and we do not find the report to be materially and prejudicially false. In fact, Mr. Mix, the agent who prepared the report, concluded that "probation is recommended."
We do take notice of the unsubstantiated statement made to the probation officer by a narcotics agent who alleged that the defendant has been a "big time seller" of drugs in the past. No evidence of or elaboration upon this damaging statement was offered. The narcotics agent's allegation may have been a case of guilt by association since Norman Blanchard, the defendant's passenger and breakfast companion, has been convicted of selling Preludin to an undercover agent [see State v. Blanchard, 450 So.2d 738 (La.App. 5th Cir.1984)]. On the other hand, the agent stated that he felt "the defendant should get a break if it's possible."
The probation officer who prepared the P.S.I. report attributed the following damaging statements to the defendant's mother:
She stated that the defendant had had some money problems because he was out of work and she feels that the individual was engaged in the sale of these drugs in order to obtain the money that he needed. She stated that he told her he could make some quick money selling drugs.
Mrs. Devillier testified at the sentencing hearing that she did not make any such statement. The probation officer testified on rebuttal that the information in the report was accurate, was taken from his notes, and that he would have no reason to put any information in the report which was not directly related to him.
*810 The investigator opined that "[t]he instant offense reflects that the individual has been having financial problems and knew how he could make a `quick buck' by selling drugs...." The basis for this statement appears to have been derived from his conversations with Devillier's mother and girlfriend; however, the defendant's brother and a close friend both stated that appellant did not have financial problems. Agent Mix concluded his report by recommending that the defendant be given a suspended sentence, a fine, and active probation.
Based upon the record before us, we agree with the recommendation of the probation and parole agent.
The trial judge stated: "What I have seen is that this man, in my opinion, is has taken what he calls a quick easy way to make money...." The court later stated that "I believe that Mr. Devillier is subject to being involved in more crime because he has money problems and he finds a quick, easy way to make money by selling dope." The court explained that he believed that the defendant's mother had advised the probation officer of her son's method of solving his financial problems as he (the court) had no reason to believe otherwise. However, it is apparent that this belief is based on a hotly-contested hearsay statement, which was denied by the mother under oath. We find that the record does not justify these conclusions.
We are of the opinion that the trial judge misapplied the sentencing guidelines set forth in LSA C.Cr.P. art. 894.1.[2] While Section A of this article provides three examples which would dictate, if pertinent, the imposition of a sentence of imprisonment, Section B provides a listing of mitigating circumstances, which would tend to suggest a lesser or even suspended sentence or probation. The purpose of the article is two-fold: First, to guide and assist the trial court in the exercise of its broad discretion regarding the imposition of a fair and proper sentence in a particular case, State v. Murdock, 416 So.2d 103 (La. 1982) and State v. Douglas, 389 So.2d 1263 (La.1980); and, second, to afford the reviewing court some insight into the trial court's reasoning process, so that the propriety of the sentence can be better evaluated. State v. Robicheaux, 412 So.2d 1313 (La.1982), and State v. Price, 403 So.2d 660 *811 (La.1981). See also State v. Butler, 450 So.2d 764 (La.App. 5th Cir.1984).
We feel the trial judge placed undue weight on LSA C.Cr.P. art. 894.1(A)(1), while overlooking sections B(1), (2), (7), (8), (9), (10) and (11) of that same article.
The Louisiana Constitution offers explicit protection against excessive punishment. La. Const. Art. I, Sect. 20 permits this court to determine whether the range of sentences authorized by a particular statute is excessive, and whether the sentence of a particular offender is excessive, although within the statutorily prescribed range. State v. Guajardo, 428 So.2d 468 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983); State v. Sepulvado, 367 So.2d 762 (La.1979). In the present case, the defendant does not question the sentencing range authorized by R.S. 40:967; rather, he protests only that his sentence of four years at hard labor is excessive.
Although this court generally is loathe to interfere with the broad discretion given to the trial judge in sentencing, we have reached the conclusion that, under the facts and circumstances of this case, the sentence imposed constitutes excessive punishment. We are of the opinion that some type of sentence involving active probation with disciplinary conditions would be more appropriate.
For the foregoing reasons, we vacate the sentence imposed upon Mr. Devillier and remand the case for re-sentencing in keeping with the spirit of this opinion.
VACATED AND REMANDED.
GAUDIN, J., concurs with written reasons.
GAUDIN, Judge, concurring.
Ronnie J. Devillier is 46 years old with a good employment record. He has no criminal background.
I concur with the foregoing opinion remanding this case to the 24th Judicial District Court for resentencing. A four-year sentence for possession of preludin pills is excessive.
However, I do not necessarily agree with the recommendation of the probation office. Whether appellant is placed on active probation or given a lesser jail sentence remains a decision for the trial judge to make.
NOTES
[1] United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); United States v. Espinoza, 481 F.2d 553 (C.A.5th 1973); State v. Owens, 377 So.2d 316 (La.1979); State v. Trahan, 367 So.2d 752 (La.1978); State v. Cox, 369 So.2d 118 (La.1979); State v. Bosworth, 360 So.2d 173 (La.1978); State v. Segers, 357 So.2d 1 (La.1978); State v. Underwood, 353 So.2d 1013 (La.1977); State v. Pierson, 296 So.2d 324 (La. 1974).
[2] La.C.Cr.P. art. 894.1 provides:

A. When a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) There is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the discretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.