DUFRESNE, Judge.
This appeal arises out of a plea of guilty to the charge of Accessory After The Fact to Armed Robbery (R.S. 14:25) and Possession of Cocaine (R.S. 40:967 C(2)). After conducting a full Boykin colloquy and ordering a presentence investigation, the trial judge sentenced the defendant to eighteen months at hard labor on the accessory charge and eighteen months at hard labor on the Cocaine charge, sentences to run concurrently.
This appeal was lodged and the appellant has urged excessiveness of sentence and that the district court did not recite a factual basis for its sentence.
Due to the interrelationship between these two assignments, we consider them together here.
The defendant faced a possible sentence of up to five years at hard labor and a five hundred dollar fine on the accessory charge and a possible sentence of up to five years at hard labor and a five hundred dollar fine on the' cocaine charge. The defendant received prison terms of eighteen months at hard labor on each charge, to run concurrently; no fines were imposed. Thus, it is apparent that the sentences imposed are at the lower end of the sentencing scale.
Further, as noted by the trial judge, the defendant was charged as a principal to armed robbery, but was allowed to plead to a reduced charge of accessory after the fact. Thus, the defendant was shown a degree of leniency in that he reduced his sentencing exposure from a minimum of five years at hard labor to a maximum of five years at hard labor. This is a proper sentencing criterion, which supports the imposition of a sentence in a higher statutory range of the lesser offense. See State v. Lanclos, 419 So.2d 475 (La.1982).
In light of the serious nature of the offense, the reduced sentencing exposure as a result of the plea bargain, and the fact that the sentences are at the lower end of the sentencing scale, the sentence imposed here is not excessive.
In sentencing the defendant, the trial judge gave articulated reasons in support of his imposition of the eighteen month sentence. We find the sentence to be most *1053 lenient, under the circumstances, rather than excessive.
Accordingly, we find no merit to the defendants assignment of errors and affirm his conviction and sentence.
AFFIRMED.