ALFORD, Judge.
After being indicted by the East Baton Rouge Parish grand jury on the charge of distribution of cocaine, Edwin Jerome MeShane, 23, was convicted by a jury of possession of cocaine in violation of LSA-R.S. 40:964, Schedule 11(A)(4), and 40:967 C.[1] He was subsequently sentenced to serve five years at hard labor. On appeal, the defendant urged thirteen assignments of error, five of which were not briefed and are therefore considered abandoned. Uniform Rules — Courts of Appeal, Rule 2-12.-4.
FACTS
Baton Rouge City Police Officer Rocky Ricks testified that on February 8, 1984, at approximately 3:30 p.m., while working as a plainclothes narcotics officer, he came into contact with defendant in the area of Chippewa and Cedar Streets in an attempt to purchase cocaine. He had previously had contact with defendant on approximately two occasions. Defendant had a black male with him, whom he identified as Elmo. The three got into Ricks’ car, and defendant asked Ricks if he wanted to purchase cocaine. Ricks responded affirmatively. Then, as directed by his passengers, Ricks drove his car to several different locations where either the defendant or his friend left the vehicle and unsuccessfully attempted to purchase cocaine using a $100 bill given to the defendant by Ricks. The defendant finally located an unidentified seller who had the “caine” but lacked change for the $100 bill. After the defendant changed the bill at a store, Ricks and his passengers returned to the location of the seller. This time the defendant returned to Ricks’ vehicle with a white plastic bag containing approximately one-half gram of suspected cocaine. Ricks dropped off his passengers near a store, brought the substance to his office where he tagged it as evidence and took the tagged substance to the Louisiana State Police Crime Laboratory where the lab subsequently determined it contained cocaine.
Ricks did not arrest either the defendant or the other black male on the day in question, nor did he identify himself as a police officer. Based on the results of the lab’s test, the defendant was arrested pursuant to a warrant by Baton Rouge City Police Officer, Tom Schiro, on February 21, 1984. Elmo Williams, the other occupant of Ricks’ car on February 8, 1984, was also arrested and pled guilty to an amended charge of attempted possession of cocaine. Williams testified at trial for the state.
ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial court erred by permitting the state to amend the grand jury indictment on the day of trial. *901 Defendant argues that he was surprised and prejudiced by the amendment.
Defendant and his co-indictee, Elmo Williams, were initially charged on March 14, 1984, by grand jury indictment with distribution of cocaine. At arraignment, each pled not guilty to the charge. Subsequently, on February 11, 1985, the state amended the charge as to both defendants to charge the offense of attempted possession of cocaine. Defendant Williams withdrew his not guilty plea to the original charge and pled guilty to the amended charge. The trial as the defendant McShane was continued on motion of the trial court to March 6, 1985, because of McShane’s counsel’s illness.
On March 6, 1985, the state again moved to amend the indictment to reinstate the original charge of distribution of cocaine. At this juncture, McShane’s counsel objected to the state’s motion, specifically requesting that the state not be allowed to amend unless her oral motion for a continuance was granted. The trial court allowed both sides to present evidence on the motion to reinstate the original charge. Dennis Weber, the assistant district attorney at the February 11, 1985, amendment of the original charge, testified that he conducted plea negotiations with the defendant, his co-indictee and their respective counsel. He advised that he amended the indictment when he became confident that both defendants would plead to the amended charge. He stated the only reasons for amending the charge, which he did in open court after talking with counsel for both defendants, was to afford the defendant an opportunity to plead. He testified that he had made it clear to defendant’s counsel at trial that, if McShane did not plead to the amended charge, he would be tried on the original charge, as well as subject himself to other charges. No formal notice of the amendment back to the original charge was sent to defense counsel.
Janice Clark, McShane’s counsel, testified that she was advised of the amended charge after being called to court from her sick bed. After conferring with McShane, he told her that he would plead guilty if he could get a fair sentence. However, the defendant changed his mind after he and Ms. Clark heard the contemplated sentence. She stated she was unaware of the move to reinstate the original charge until she appeared in court on March 6.
After hearing the evidence, the trial court ruled that the state would be permitted to reinstate the original charge. In so ruling, the trial court noted that the original indictment was filed on March 19, 1984,[2] and had not been amended until February 11,1985, almost a year later, in anticipation of a guilty plea to the amended charge. Under these circumstances, the court determined that defendant was not prejudiced or surprised by the amendment to reinstate the original charge.
Normally, a motion for continuance must be in writing and allege specifically the grounds upon which it is based. LSA-C.Cr.P. art. 707. An oral motion presents nothing for the court to review. State v. Buckenburger, 428 So.2d 966 (La.App. 1st Cir.1983). Although no written motion was filed herein, where the occurrences that allegedly make the continuance necessary arose unexpectedly, and defense had no opportunity to prepare a written motion, this court may review the denial. State v. Spencer, 444 So.2d 354 (La.App.1st Cir.1983).
The prosecutor may make substantive amendments to a .grand jury indictment before trial begins. State v. Neslo, 433 So.2d 73 (La.1983). The court shall grant a continuance on motion of the defendant if the defendant has been prejudiced in his defense on the merits by the amendment of the indictment. LSA-C.Cr.P. art. 489. The purpose of the continuance when an amendment to the indictment is made is to protect the defendant from surprise and prejudice which may result from such an amendment. State v. Williams, 383 So.2d 996 (La.1979). The defendant has the burden of establishing that an amendment has *902 prejudiced the defense. Further, the trial judge has great discretion in deciding whether to grant a continuance, and his decision will remain unless he arbitrarily or unreasonably abuses that discretion. State v. Davis, 385 So.2d 193 (La.1980).
In the instant case, the trial court’s action in allowing the prosecutor to amend the indictment to reinstate the original offense was not arbitrary or capricious. Under the circumstances presented, defendant was neither surprised nor prejudiced by the amendment.
ASSIGNMENTS OF ERROR NUMBERS 2, 3, 5, 6 and 9
By means of these assignments, defendant contends the trial court erred by improperly admitting evidence, specifically by allowing leading questions and opinion testimony.
The objections to leading questions arose in one instance during the questioning of Mr. Weber when discussing his handling of the plea bargain attempt. When the defense objected to the narrative testi--mony, the court sustained the objection and the state rephrased the questions to elicit “yes” or “no” responses, to which the defense objected as leading. A review of the record reveals that the questions were not leading in that they did not suggest to the witness the answer he was to give, but merely sought a “yes” or “no” response. See LSA-R.S. 15:277. See also State v. Walker, 394 So.2d 1181 (La.1981).
In another instance, the state, while questioning Elmo Williams about what charge he pled guilty to, asked him, “Was it attempted possession of cocaine?” to which defense counsel objected.
An exception to the rule against leading questions for direct witnesses can be made with ignorant or confused witnesses who would not otherwise understand the information sought. State v. Jones, 439 So.2d 598 (La.App. 1st Cir.1983). The record reveals that the prosecutor was having difficulty with the witness understanding the question. Since the matter is largely within the discretion of the trial court, the trial judge properly permitted the question to be asked to the apparently confused witness, especially in light of the fact that the defendant did not argue he was prejudiced by the ruling. See State v. Jones, 439 So.2d at 599.
In another instance where the questioning of Mr. Ricks was objected to as leading and repetitive, a review of the record shows that the questioning did not suggest to Mr. Ricks the answers he was to deliver, but merely reiterated testimony that had previously been elicited from the witness in order to obtain additional related testimony. Thus, the court’s allowance of these questions was well within the limits of sound discretion vested in the court. See LSA-R.S. 15:275.
The defense also objected to Mr. Ricks testifying as to the use of city money to buy narcotics, alleging it called for an opinion. Under LSA-R.S. 15:463, a witness can testify only as to facts within his knowledge. A review of the record reveals that the officer/witness only testified as to matters clearly within his personal knowledge and experience.
ASSIGNMENT OF ERROR NO. 8
Defendant asserts that the trial court erred when it accepted Thomas Chin as an expert witness as a forensic scientist as well as a drug analyst. In brief, defendant apparently concludes that Chin was qualified as an expert in drug analysis but contends that the trial court “over qualified” Chin as a forensic scientist, thereby according unwarranted weight to his testimony.
Chin, who conducted the substance analysis test on the suspected cocaine, had worked as a drug analyst for the Louisiana State Police Crime Lab for about five and one-half years. He held a B.A. degree in biology and had approximately 50 hours of chemistry. He had qualified as an expert in drug analysis in the court at least 100 times.
A proposed expert witness must satisfy the trial court as to his knowledge and *903 competency in the field about which he is called upon to express an opinion. State v. Myles, 432 So.2d 1018 (La.App. 1st Cir.1983). In reviewing the trial court’s determination, the competence of an expert witness is a question of fact to be determined within the sound discretion of the trial judge; his rulings on the qualification of expert witnesses will not be disturbed in the absence of manifest error. State v. Myles, 432 So.2d at 1020.
Herein, the appellation “forensic scientist,” by the trial court did not add to or diminish Chin’s area of expertise, i.e. drug analysis. The only expert opinion given by Chin related solely to his analysis of the suspected cocaine, thus the court’s acceptance of Mr. Chin is not manifestly erroneous.
ASSIGNMENT OF ERROR NO. 8
Defendant asserts that the trial court erred by imposing an excessive sentence.
A review of individual excessiveness of a sentence is considered in light of the criteria expressed by LSA-C.Cr.P. art. 894.1, the circumstances of the crime, and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Cox, 369 So.2d 118 (La.1979).
The trial judge has wide discretion in the imposition of a sentence within statutory limits. Absent manifest abuse of discretion by the trial court, a sentence should not be set aside as excessive. State v. Lanclos, 419 So.2d 475 (La.1982).
The defendant herein was sentenced to the maximum term of imprisonment, five years at hard labor, for possession of cocaine. A review of the record reveals that the trial court considered and articulated the sentence guidelines set out in LSA-C. Cr.P. art. 894.1 in determining that the defendant is in need of imprisonment. Among other things, the court noted his adult criminal record which indicated he had been charged with several felonies and that he had been convicted of aggravated battery. The court also noted that he faced a pending charge of distribution of marijuana and a probation revocation hearing in regard to the aggravated battery conviction. In sentencing deliberations, the trial court can consider the defendant’s arrests which have not led to convictions. See State v. Morgan, 472 So.2d 934 (La.App. 1st Cir.1985).
The court took notice of the fact that the defendant’s mother advised that he had abused her on at least two occasions and that she felt that the use of cocaine was a contributing factor to his conduct. Also noting defendant’s unemployment and his lack of response to probation, the judge concurred in the probation departments recommendation for the maximum prison sentence. After a thorough review and evaluation of the record, we are convinced that the trial court did not abuse its discretion in imposing the instant sentence.
Accordingly, we find that all assignments of error are without merit. For the above and foregoing reasons, we affirm the verdict and the sentence.
CONVICTION AND SENTENCE ARE AFFIRMED.

. The jury’s verdict of guilty of possession of cocaine is a responsive verdict to the charged offense. See LSA-C.Cr.P. art. 814, subd. A (48).

. The indictment, however, shows that it was actually filed on March 14, 1984.