536 So.2d 783 (1988)
STATE of Louisiana
v.
Jimmy W. REED.
No. 88-KA-477.
Court of Appeal of Louisiana, Fifth Circuit.
December 14, 1988.
*784 Frederick J. King, Jr., New Orleans, for defendant/appellant.
Louise Korns, of counsel, James Weidner, Dorothy A. Pendergast, Asst. Dist. Attys., Research & Appeals, Gretna, for State.
Before CHEHARDY, BOWES and WICKER, JJ.
BOWES, Judge.
The defendant, Jimmy W. Reed, was charged with possession of cocaine, a violation of LSA-R.S. 40:967. He was also charged with carrying a concealed weapon, which was subsequently dismissed. The defendant originally pled not guilty to the charge of possession of cocaine. Subsequently, the defendant withdrew his plea of not guilty and pled guilty as charged. Following the pre-sentence investigation, the sentencing hearing was held and the trial court sentenced the defendant to four years at hard labor and recommended the Intensive Incarceration/Intensive Parole Program (IMPACT). Defense counsel gave oral notice to the court of his intention to appeal the sentence and later followed with written motion to appeal. We vacate the sentence as being excessive and remand for resentencing.
The following facts were excerpted from the pre-sentence investigation report:
PRESENT OFFENSE:
a. Official Statements: On 09/03/86, the defendant was arrested for Possession of Cocaine as per Item # I-01379-86 of the Jefferson Parish Sheriff's Office Police Report.
Deputy English of the Jefferson Parish Sheriff's Office reported that he was working a Security Detail at Ziegfield's Lounge located at 822 Manhattan Boulevard, Harvey, Louisiana. Girod Breaux, an employee of Ziegfield's, told Deputy English that there was a white male in the men's room snorting cocaine. After positive identification was obtained, the defendant was escorted outside for further investigation. A patdown of the defendant's clothing revealed one gram of cocaine and a small two shot, .38 caliber Derringer handgun. The defendant was then arrested for Possession of Cocaine and Carrying a Concealed Weapon. He was then transported to the Jefferson Parish Correctional Center for booking.
b. Offender's Statement: On 12/18/87, we spoke to the defendant about his involvement in the instant offense. He told us that he and some friends had been drinking for several hours in the French Quarter and this is where he bought the cocaine. From there they went to Ziegfield's for more drinks.

*785 The defendant stated that he never used cocaine before, so he really did not know how to use it. The defendant stated he then went to the men's room and began snorting the cocaine. He said he was making so much noise snorting that he attracted attention. He finished snorting and returned to his friends. Shortly thereafter, he was approached by a Jefferson Parish Sheriff's Office Deputy and was escorted outside where he was searched. The defendant stated he had a .38 caliber Derringer in his rear pocket, and one gram of cocaine in his waistline.
The defendant feels that if he had not been intoxicated, he would not have bought or tried the cocaine.
He said that he carried the Derringer in his back pocket for his own protection and this was customary procedure. He said he knew this was wrong, but didn't think he would get caught.
The defendant admits to the crimes and wishes the Court would give him probation.
. . . . .

[End of excerpt]
Defendant appeals and presents only one assignment of error:
1. The Trial Court committed reversible error when it sentenced Defendant-Appellant, Jimmy W. Reed, to four years at hard labor in the custody of the Department of Corrections for his plea, as a first offender, to the crime of Simple Possession of (approximately one-half gram) of cocaine, a sentence unduly harsh and severe considering the circumstances of the defense and the background of the offender.
Article 1, Section 20 of the Louisiana Constitution provides in part: "No law shall subject any person to ... cruel, excessive or unusual punishment." Although a sentence is within statutory limits, it still may be excessive and is therefore subject to appellate review. State v. Accardo, 466 So.2d 549 (La.App. 5 Cir.1985) writ denied 468 So.2d 1204 (La.1985). A sentence is excessive if "grossly out of proportion to the seriousness of the crime" or "is nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616 (La.1984) cert. den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
The choice of sentences in the statutory range lies within the discretion of the trial judge and his determination should not be set aside absent manifest abuse of that discretion. State v. Schexnayder, 472 So. 2d 174 (La.App. 5 Cir.1985). However, each sentence must be individualized mandating consideration of the underlying circumstances of the crime. State v. Cortez, 503 So.2d 76 (La.App. 5 Cir.1987). LSA-C. Cr.P. art. 894.1 sets forth guidelines to be utilized by the trial judge in his consideration of an appropriate sentence. While the trial judge need not articulate each factor, the record should indicate that the trial court considered both the aggravating and mitigating factors of LSA-C.Cr.P. art. 894.1. State v. Accardo, supra.
The Louisiana Supreme Court discussed the function of LSA-C.Cr.P. art. 894.1 regarding appellate review of sentences in State v. Robicheaux, 412 So.2d 1313 (La. 1982):
Sentences must be individualized to be compatible with the offenders as well as the offenses. In deciding whether to confine a defendant or grant probation, the judge must consider certain factors enumerated in La.C.Cr.P. art. 894.1(A)(B). State v. Jones, [398 So.2d 1049 (La.1981)]. This article entitles the defendant to such an articulation and represents a legislative attempt to guide the trial judge in thoughtfully imposing an appropriate sentence under the facts and circumstances of the particular case. Also this serves as an important aid to this court when called upon to exercise its constitutional function to review a sentence complained of as excessive. State v. Ramos, 390 So.2d 1262 (La. 1980). When the trial judge fails to state any reasons for the sentence a remand may be necessary. State v. Ortego, 382 So.2d 921 (La.1980).
*786 It is apparent that one of the goals of the legislature in providing a range of punishment under LSA-R.S. 40:967 and the guidelines of LSA-C.Cr.P. art. 894.1 is to reserve maximum sentences for the most egregious and blameworthy offenders, within a class. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Lynch, 512 So.2d 1214 (La.App. 5 Cir.1987).
If a trial judge's sentencing choice is to be set aside, three factors should be considered: the nature of the crime; the nature and background of the offender; and the sentence imposed for similar crimes by the same court and other courts. State v. Telsee, supra.
The pre-sentence investigation report in this case reflects that the defendant is a twenty-five year old male, first offender, with no prior juvenile or adult record of any kindnot even a traffic ticket. The defendant, who is gainfully employed, resides with his parents and brother and is the father of two young children. The record includes several letters of recommendation, including two from judges, written on behalf of the defendant extolling his virtues and good points and urging leniency and probation.
The defendant pled guilty to possession of cocaine and was sentenced to four years at hard labor with no fine. The court also recommended that the defendant be considered for the IMPACT Program. The maximum sentence the defendant could have received is five years with or without hard labor and a fine of $5,000.00.
The trial judge used a standardized form which restates the guidelines of LSA-C.Cr. P. art. 894.1 in such a manner that he could simply check off those present or absent in the instant case. The Louisiana Supreme Court held a checklist of LSA-C.Cr.P. art. 894.1 factors was sufficient where the trial judge supplemented the checklist with written comments. State v. Fergus, 418 So.2d 594 (La.1982) cert. denied Fergus v. Louisiana, 459 U.S. 1106, 103 S.Ct. 730, 74 L.Ed. 2d 954 (1983). Here, the trial judge articulated no reasons whatsoever which would have been responsive to the guidelines established by LSA-C.Cr.P. art. 894.1 and would have supplemented the checklist; nor did he supplement it with written comments. The only vocalized reasons for the imposition of the four-year sentence given by the trial judge are excerpted below:
THE COURT:
Okay, the defendant is sentenced to four years at the Louisiana Department of Corrections to serve at hard labor and is remanded for the execution of that sentence; but the Court is recommending the intensive incarceration and intensive parole.
MR. KING:
Your Honor, if I may, you know, for the record, I would respectfully urge at this time and object to the Court's sentencing as being unduly harsh, considering all of the facts and circumstances as set forth in the presentence investigation, and as I have also set forth for the Court today. I would like to ask that my objection be noted for the record and
THE COURT:
Let your objection be noted, sir. And we don't all think alike. A lot of it is trying to figure out what is the justified position to take on the Court's part, and, of course, your position is just the opposite, to try to figure what's justified on the part of the defendant, and his own circumstances; but cocaine is a highly prevalent situation right now and it's getting worse, and the Court cannot endure with complacency the fact that cocaine is being distributed more than it ever has before.
MR. KING:
Perhaps so, your Honor
THE COURT:
Even to the point where you read in the paper where an eleven year old was shot in the head, killed, because he didn't return the money for the cocaine
MR. KING:
By a dealer, your Honor. This is not a distribution case, this is a young man who has tried the thing for the first time. There is a lot of publicity, there is a lot of seduction involved in it, so that the non-criminal, such as Mr. Reed, are seduced into trying something, you know, *787 for a first offense possession, I think it's clearly unduly harsh to sentence this man to four years for trying it. This is not a distributor, this is a simple possessor at best. He's cooperated with the Court, who has not pled his motions, who has not gone to trial, he's cooperated with the Court as he had with the arresting officer, your Honor, and I object strongly to the sentence, and I would like to inform the Court of my intention to appeal the undue severity of it. I do appreciate your recommendation of the intensive incarceration, but I certainly think it's a case where probation should have been ordered by the Court.
THE COURT:
You have your right to appeal, sir.
MR. KING:
Yes, sir.
We are cognizant of the fact that it is not improper for the trial court to take into consideration larger societal concerns in imposing sentence as long as the sentence is particularized to the defendant. State v. Dunns, 404 So.2d 1235 (La.1981). While the trial judge's concern and general remarks in regard to the seriousness of the drug problem in our society are valid, we do not find that the trial judge connected or particularized his concern to the sentence given to this defendant.
The Supreme Court has indicated that a general desire to teach others a lesson is not an acceptable basis for the almost maximum penalty of 4 years of hard labor imposed on this defendant. State v. LaFleur, 391 So.2d 445 (La.1980). While the trial court's objective is a commendable one, it is not an acceptable basis for the harsh penalty given the defendant for this offense. State v. LaFleur, supra.
Here, we have a first time offender, whose record is perfectly clean, even of misdemeanors, who, according to the P.S.I., used cocaine for the first time while on a weekend trip to New Orleans. In fact, it was the defendant's inexperience that drew an employee's attention to himself.
The trial court was in possession of the P.S.I. which outlined the defendant's social history and a recommendation that the defendant be considered for the IMPACT Program. The trial judge, on his own checklist, checked off these items: that the defendant had no prior criminal activity, that the character of the defendant indicated that he is unlikely to commit another crime; and that he was likely to respond to probationary treatment. Thus, there is no doubt that the trial judge was quite aware of these mitigating circumstances, even though he did not articulate them for the record, and apparently did not consider them in his sentencing choice. Under these circumstances, a remand for compliance with LSA-C.Cr.P. art 894.1 is unnecessary. Rather, we will consider the issue of whether the trial judge abused his sentencing discretion based on the record before us now and on the reasons stated by the trial judge in pronouncing sentence.
This court generally is loathe to interfere with the broad discretion given to the trial judge in sentencing. State v. Devillier, 466 So.2d 807 (La.App. 5 Cir.1985). Consequently, only very rarely have we interfered with the sentencing choice and the "much discretion" of a trial judge. However, in light of the overwhelming mitigating factors present in this case, the trial judge's awareness of them, and the defendant's absolutely clean previous record, we are of the opinion that, under these particular circumstances, the trial judge abused the vast discretion afforded him in performing his sentencing function. The sentence of four years at hard labor that the defendant received is at the upper range of the five-year maximum sentence for a violation of LSA-R.S. 40:967 and we find it to be grossly out of proportion to the severity of the crime. State v. Bonanno, 384 So.2d 355 (La.1980). We feel very strongly that some type of sentence involving active probation with disciplinary conditions would be more appropriate.
Accordingly, we affirm the defendant's conviction, but vacate the sentence imposed and remand the case to the trial court for resentencing in keeping with the spirit of this opinion.
*788 CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.