537 So.2d 873 (1989)
STATE of Louisiana
v.
Mario R. SOSA.
No. 88-KA-482.
Court of Appeal of Louisiana, Fifth Circuit.
January 18, 1989.
*874 Dorothy A. Pendergast, Asst. Dist. Atty., (Louise Korns, of counsel) Gretna, for plaintiff/appellee.
Malvern C. Burnett, New Orleans, for defendant/appellant.
Before KLIEBERT, GAUDIN, and GOTHARD, JJ.
GOTHARD, Judge.
Defendant Mario R. Sosa was charged by bill of information with distribution of LSD (Lysergic Acid Diethylamide) in violation of R.S. 40:966(A). Plea negotiations with the state resulted in defendant entering a plea of guilty to possession of LSD in violation of R.S. 40:966C(3). A presentence investigation report was ordered, and thereafter the court sentenced defendant to five years' imprisonment at hard labor.
The factual background for the defendant's conviction may be obtained from the record and the PSI report. There is no dispute as to what occurred. The defendant gave 10 dosage units of LSD to his girlfriend who sold them for six dollars apiece to a Jefferson Parish detective working as an undercover agent. The sale occurred on May 30, 1986, and defendant's arrest followed shortly thereafter.
Defendant argues that the trial judge erred in imposing a sentence which is excessive with the Louisiana Constitution and that the trial judge failed to utilize the sentencing guidelines of C.Cr.P. art. 894.1. He argues that the trial judge failed to appropriately consider him for less onerous sentencing alternatives, including recommendation for the intensive incarceration parole program. R.S. 15:574.4. He argues that the trial judge failed to consider defendant Sosa's first offender status and mitigating circumstances, that he is employed, attending college and lives with his widowed mother.
At the sentencing on April 27, 1988, the trial judge sentenced defendant Sosa to five years at hard labor which is one-half the maximum allowable for this offense of possession of LSD. The trial judge in explanation of his sentencing decision stated that:
With regard to the reasons for sentencing, the Court wishes to state for the record that under Louisiana Revised Statutes [sic] 894.1, there is an undue risk that during the period of a suspended sentence or probation, the defendant will commit another crime; two, the defendant is in need of correctional treatment or of a custodial environment that can be provided most effectively by his commitment to an institution. Number three, a lesser sentence will deprecate the seriousness of the defendant's crime; the factors to be considered under that same article concerning the suspension or probation of sentence, the defendant's criminal conduct did cause serious harm; number two, the defendant did contemplate that his criminal conduct would cause or threaten serious harm; number three, the defendant did not act under strong provocation; number four, there was substantialthere was no substantial grounds tending to excuse or justify the defendant's criminal conduct, even though failing to establish a defense; number five, the victim of the defendant's criminal conduct did not facilitate its commission; number six, the defendant has not compensated the victim, but that's really not material in this case. Defendant has no history of prior delinquency or criminal activity and has led a *875 law-abiding life for a substantial period of time before the commission of the instant crime. Number eight, the defendant's criminal conduct was not the result of circumstances that are unlikely to recur; in other words, the positive side is that they are likely to recur; number nine, the character and attitude of the defendant indicate that he is likely to commit another offense; number ten, the defendant is particularly likely to respondis not particularly likely to respond affirmatively to probationary treatment, and, number eleven, the imprisonment of the defendant would not entail excessive hardship to himself or his dependents.
This articulation clearly lacked any real individualization to this offender. The trial judge noted no factual basis for the sentence imposed, and otherwise gives no indication that he considered any of the mitigating information contained in the presentence investigation report.
The maximum penalty for possession of LSD is imprisonment at hard labor for not more than ten years and a fine of not more than $5000. R.S. 40:966C(3). It is now well settled that this court may review a sentence for excessiveness even when it is within the statutory limits. It is also well settled that C.Cr.P. art. 894.1 provides appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous alternatives. It is recognized that a remand for resentencing will be necessary, when C.Cr.P. art. 894.1 has not been adequately complied with and when there is a serious lack of evidence to support the sentence imposed in relation to the particular offense committed. State v. Williams, 397 So.2d 1287 (La.1981); State v. Devillier, 466 So.2d 807 (La.App. 5th Cir.1985). In this regard, without the trial judge's articulation of those considerations, both mitigating as well as aggravating, which influenced its disposition, the sentence may appear to have been arbitrary or excessive unless there is evidence elsewhere which clearly supports the sentencing choice. State v. Williams, supra; State v. Restrepo, 527 So.2d 473 (La.App. 5th Cir.1988).
The instant record reveals that defendant was at the time of his sentencing a twenty-two year old first offender, residing with his widowed mother in Kenner, Louisiana. Defendant was born in Puerto Rico and has been in the United States for nineteen years. He was employed with Domino's Pizza. He was also pursuing studies in Electronic Engineering Technology at Phillips Junior College. Defendant had no juvenile or adult record for arrests or convictions, besides the instant offense. Further, the probation department recommended the defendant for the intensive incarceration parole program.
Upon review of the circumstances of this defendant, and his offense, it appears that not only did the trial court fail to comply with the sentencing criteria set forth in C.Cr.P. art. 894.1, but also the statement of sentencing reasons is not reflective of the facts revealed in the PSI, as has been noted hereinabove. The trial judge was no doubt influenced by the quantity and type of drugs involved in the offense. We observe that the defendant's actual offense has been reduced from drug distribution to possession, which had thus reduced his sentencing exposure by two-thirds. Still, the trial court reasons do not reflect that it adequately followed the sentencing guidelines that should be considered before imposing sentence as provided by C.Cr.P. art. 894.1. Absent such compliance, we lack appropriate criteria by which to measure whether this sentence is excessive in relation to this particular defendant. Defendant's record and individual history contain substantial mitigating factors. While not controlling the discretion of the trial court, these factors warrant consideration. Accordingly, we must vacate the defendant's sentence and remand the case to the trial court with instructions for it to properly consider the sentencing guidelines provided by C.Cr.P. art. 894.1.
We have also reviewed the record for errors patent on its face. We found *876 that although the sentencing transcript in this case shows that the trial judge did not refer the defendant to the intensive incarceration parole program after accepting the plea of guilty, the commitment and pertinent minute entry reads that he is recommended to the program. It is, therefore, unclear from this record whether the trial judge intended to recommend defendant to this program. Accordingly, we also remand for consideration of this discrepancy.
For the reasons articulated, we vacate the sentence and remand the case for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED, AND CASE REMANDED FOR RESENTENCING.
GAUDIN, Judge, concurring.
I concur in the remand for resentencing only for the trial judge to correct the discrepancy between the actual transcript, which indicates that the defendant was not recommended for the intensive incarceration parole program, and the commitment and minute entry, which indicate a positive recommendation. I am not prepared to say that the five-year sentence was constitutionally excessive or that LSA-Art. 894.1 was not complied with. This was a plea bargain case, wherein appellant's charge was substantially reduced.