BROWN, Judge.
Defendant, Ricky Bernard Johnson, was charged by a bill of information with possession with intent to distribute a schedule II controlled dangerous substance, namely cocaine, in violation of the provisions of LSA-R.S. 40:967. The crime allegedly occurred on June 26, 1989. On March 26, 1990 defendant withdrew his plea of not guilty and entered a plea of guilty to a reduced charge of possession of cocaine. On May 29, 1990 defendant, who had just turned 19 years of age, was sentenced to serve 5 years at hard labor to run consecutively with any other pending sentence.[1] *901 Defendant appealed claiming that his sentence was excessive. Determining that the trial court did not abuse its discretion, we affirm.
The LSA-Const. Art. 1 § 20 prohibits the imposition of excessive punishment. Although a sentence is within the statutory limits it may still violate a defendant’s constitutional right against excessive punishment. State v. Hogan, 480 So.2d 288 (La.1985) and State v. Bonanno, 384 So.2d 355 (La.1980). Article 894.1 of the Code of Criminal Procedure provides a framework for evaluating whether a sentence is excessive. The criteria set forth under Article 894.1 must be considered by the sentencing court. A court is required to specify the circumstances considered in imposing a sentence for the purpose of insuring that the sentence is tailored to the offender and the particular offense. State v. Smith, 433 So.2d 688 (La.1983); State v. Jones, 398 So.2d 1049 (La.1981), and State v. Hudgins, 519 So.2d 400 (La.App. 2nd Cir.1988).
The record demonstrates that the court thoughtfully articulated the criteria upon which he based his sentence and, in brief, defendant concedes adequate compliance with LSA-C.Cr.P. Art. 894.1. Defendant asserts that the maximum jail sentence was excessive because considering the conduct involved together with the fact that he was a youthful first felony offender, he should have received a lesser sentence or probation.
Defendant was originally charged with possession with intent to distribute cocaine and could have received a prison sentence of up to 30 years. In a plea agreement defendant was allowed to plead guilty to a lesser charge of possession of cocaine which exposed him only to a maximum prison sentence of 5 years and a fine of $5,000. In addition to the reduction of the charge a related misdemeanor charge was dismissed[2] as well as another felony charge of possession of cocaine with intent to distribute and its related misdemeanors.[3] Interestingly, the felony charge dismissed along with its two related misdemeanors occurred on October 3, 1989 while defendant was on bond pending disposition of this charge. Also, while defendant was on bond for this charge he was convicted of several misdemeanors to include damage to property, simple battery, trespass, unauthorized use of a movable, theft, and aggravated assault. Although defendant had just turned 19 on the date of his sentence he had an extensive record of convictions for misdemeanors as an adult, both before and after his arrest on this felony. The court did not err in concluding that defendant presented an undue risk of committing other criminal conduct if given a suspended sentence.
Defendant dropped out of high school in the ninth grade and pursued a limited work career. He fathered a son out of wedlock and failed to provide any support. In the presentence report defendant indicated that he sold cocaine whenever he needed money and would average $200 to $300 every two weeks.
The maximum sentence of 5 years is clearly supported by this record. The sentence does not shock this court’s sense of justice nor does it reflect a manifest abuse of the wide discretion of the trial court. The conduct involved was reprehensible and defendant’s short but abundant criminal background left no doubt about the sentence. Defendant received a substantial benefit as a result of his plea bargain which, with his background, supports the maximum sentence.
DECREE
Finding no merit in defendant’s assignment, we AFFIRM.

. Defendant had received some sentences on misdemeanors that occurred while he was released on bond pending disposition of this case.

. Possession of drug paraphernalia.

 Possession of drug paraphernalia and resisting arrest.