PER CURIAM.
The defendant, Rodney L. Edwards, was charged by bill of information with possession of cocaine, a Schedule II Controlled Dangerous Substance, in violation of La. R.S. 40:967 C(2). He pled guilty as charged. The district court imposed the maximum sentence, five years at hard labor, with a recommendation for the Intensive Incarceration Program, La.R.S. 15:574.4 A(2). Edwards now appeals, urging the trial court failed to consider the sentencing guidelines of La.C.Cr.P. art. 894.1 adequately and imposed an excessive sentence. We affirm the conviction; however, finding the district court’s compliance with the mandatory sentencing guidelines to be inadequate under the circumstances, we vacate the sentence and remand for resentencing.
The following facts are, of necessity, extracted from the presentence investigation report (“PSI”), as the district court stated little by way of factual background for the record. The Webster Parish Sheriffs Office received a tip from a confidential informant that Edwards and two other men were riding around Springhill trying to sell cocaine. The following day, December 14, 1989, Springhill Police spotted the suspects’ car on South Main Street. They stopped it, obtained the owner’s consent and conducted a search. No CDS were found in the car itself but there were two bags of suspected cocaine on Edwards’s person; one of his companions, “Bengie,” was also carrying a bag. Lab reports verified that the white substance was indeed cocaine, but the record does not disclose the quantity. Edwards admitted that all three men “did a little line” of cocaine that day.
At the sentencing on June 11, 1990, the court asked Edwards if he had pled guilty to possession of cocaine. The following colloquy ensued:
THE COURT: The presentence investigation shows really no other, other than the present offense, no other record that you have. Of course this is a very serious charge. You pled guilty to possession of cocaine, first felony offense. Of course you did tell them that you admitted to using drugs, is that correct?
MR. EDWARDS: Yes, sir.
THE COURT: Okay. There is a recommendation in the report for intensive incarceration. Are you familiar with the intensive incarceration program?
MR. EDWARDS: Yes, sir.
THE COURT: The Court has considered Article 894 and 894.1, the Code of Criminal Procedure. Of course this is a serious offense. The Court believes intensive supervision is needed for you in this particular case. I’ve discussed this with your counsel.
Defense counsel stated that Edwards had completed a portion of the program at the Ruston Alcohol and Drug Abuse Center and was continuing on an outpatient basis. Counsel further stated that Edwards has had “some type of training, at least, through the National Guard.” The court continued:
THE COURT: Ready for the sentence of the Court?
MR. EDWARDS: Yes, sir.
THE COURT: All right, well, of course I have considered these matters, have discussed the matter with counsel in Chambers and I do think that intensive supervision is what you need. The report shows to me a lack of direction on your part. I think that you would benefit from the intensive incarceration program. The sentence of the Court, you’re sentenced to five years hard labor, intensive incarceration is recommended by the Court. It’s like a boot camp and all you need to do is what they tell you and I think you’ll benefit from it.
MR. EDWARDS: Yes, sir.
THE COURT: Good luck with it.
The test of excessiveness is two-tiered. First the record must show the sentencing court took cognizance of the mandatory sentencing guidelines of art. 894.1. The court is not required to list every aggravating and mitigating factor; a meaningless recital of factors is not the objective of art. 894.1. State v. Quebedeaux, 424 So.2d 1009 (La.1982). The record, nevertheless, must show that the court did consider the guidelines in particularizing the sentence to the defendant. *904 State v. Gulden, 399 So.2d 194 (La.1981), cert. denied 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). The sentencing record, therefore, should reflect that the district court did consider not only the seriousness of the crime and the past criminal history of the defendant, but also the defendant’s personal history (age, mental status, dependents, family ties, employment record, emotional and physical health), and his potential for rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied 521 So.2d 1143 (1988). Moreover, a mere citation of art. 894.1 on the record does not discharge the court’s duty to particularize the sentence to the offense and the offender. State v. Barbee, 543 So.2d 530 (La.App. 4th Cir.1989); State v. Jordan, 522 So.2d 1179 (La.App. 4th Cir.1988). Inadequate compliance need not be grounds for remand, provided the record as a whole clearly illuminates the sentence imposed. State v. Smith, 430 So.2d 31 (La.1983); State v. Griffin, 455 So.2d 681 (La.App. 2d Cir.), writ denied 458 So.2d 128 (1984).
The second tier is constitutional exces-siveness. A sentence violates La.Const. art. 1 § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, the sentence shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). As long as it stays within statutory bounds, the court has wide discretion in imposing sentence. Only a manifest abuse of discretion is grounds for reversal. State v. Landos, 419 So.2d 475 (La.1982). Maximum sentences are typically reserved for the worst offender and the worst instance of the crime. State v. Soco, 441 So.2d 719 (La.1983); State v. Mills, 505 So.2d 933 (La.App. 2d Cir.), writ denied 508 So.2d 65 (1987). The Supreme Court has stated that a maximum sentence is constitutionally excessive unless good reasons exist to distinguish the particular defendant and his crime as deserving of the heaviest sentence possible when compared with other persons in the same offender class and guilty of the same offense. State v. Oubichon, 422 So.2d 1140 (La.1982); State v. Wimberly, 414 So.2d 666 (La.1982). The district court is not required to impose a suspended sentence on a first felony offender but may consider any facts or evidence relevant to the best interest of the public and defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984).
Here the district court volunteered no factual statement about the offense except that it was serious and that Edwards entered a guilty plea. Without more, this is not adequate compliance. State v. Jones, supra. The court cited art. 894.1 but did not mention any applicable mitigating factors, such as Edwards’s relative youth, the fact that he was the product of a broken home, that he has served 14 weeks in the National Guard, and that he had voluntarily participated (with apparent success) in a drug rehabilitation program. Naturally there were aggravating factors, such as his long history of marijuana and alcohol abuse, poor school performance and a spotty employment record. The aggravating factors may well have outweighed the mitigating, counseled against probation and justified a midrange sentence. The important fact, however, is that the district court appeared to be motivated only by its perception of the seriousness of the offense. Imposition of the maximum time at hard labor for this first offender belies any thoughtful consideration of the statutory factors. The court’s stated reasons, even when illuminated by the information in the PSI, is not persuasive that Edwards, with his two baggies of cocaine, is among the worst class of offender and committed the worst kind of offense.
The court did note that Edwards suffered from a lack of direction and needed supervision; intensive incarceration was recommended. The state in brief urges that with the recommendation Edwards may actually serve only 90 to 180 days in confinement and that the sentence is really only for a maximum of six months, ergo *905 not excessive. The recommendation, however, does not alter the apparent excessiveness of this maximum sentence. While a defendant’s chance of parole may serve to lessen the effects of a severe sentence in certain cases, State v. Green, 418 So.2d 609 (La.1982), its ameliorative effects cannot be argued to apply to every harsh sentence. See State v. Gordon, 444 So.2d 1188 (La.1984). A considerably lesser sentence could have been imposed while still allowing Edwards the benefit of intensive incarceration. The sentence actually imposed, for this offense and this offender, shocks the court’s sense of justice.
Maximum sentences are generally upheld when the defendant has pleaded to a lesser included offense that does not completely describe his conduct. State v. Smack, 425 So.2d 737 (La.1983); State v. Johnson, 575 So.2d 900 (La.App. 2d Cir. 1991) (handed down this day). Edwards’s conduct and history, as revealed by this record, do not compare with that shown in Johnson. The maximum sentence of five years for possession of cocaine has also been upheld when the defendant had a significant criminal record. See, e.g., State v. Gleason, 533 So.2d 1032 (La.App. 4th Cir.1988); State v. McShane, 484 So.2d 899 (La.App. 1st Cir.1986). Edwards has no significant prior criminal record. For a defendant who does not “plead down” and has no prior criminal record, however, the sentencing range is generally two to three years. See, e.g., State v. Daley, 459 So.2d 66 (La.App. 2d Cir.1984), writ denied 462 So.2d 1264 (1985) (18 months); State v. Johnson, 480 So.2d 1051 (La.App. 5th Cir. 1985) (18 months); State v. Davis, 558 So.2d 1379 (La.App. 5th Cir.1990) (20 months); State v. Horne, 438 So.2d 252 (La.App. 3d Cir.1983) (two years); State v. Abbott, 489 So.2d 1067 (La.App. 1st Cir.1986) (three years); State v. Blue, 315 So.2d 281 (La.1975) (three years); State v. Boutte, 462 So.2d 239 (La.App. 3d Cir.1984) (three years). Heavier sentences have been vacated as excessive. State v. Devillier, 466 So.2d 807 (La.App. 5th Cir.1988) (four years excessive for a first offender); State v. Reed, 536 So.2d 783 (La.App. 5th Cir.1988) (four years excessive); State v. Edwards, 532 So.2d 304 (La.App. 3d Cir. 1988) (five years for possession of amphetamine excessive for a first offender).
Because of the district court’s inadequate compliance with the mandatory sentencing guidelines, the sentence must be vacated and the case remanded. If on resentencing there is no more compelling sentencing data than what appears on the instant record and PSI, then the maximum sentence this court could uphold would be three years at hard labor, with a recommendation of intensive incarceration.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.
HIGHTOWER, J., concurs with written reasons.